## FORD *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 35, September Term, 1957.]

650

*Decided November 20, 1957.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRES-
COTT and HORNEY, JJ.

HAMMOND, J., delivered the opinion of the Court.

Applicant for leave to appeal from a denial of a writ of
*habeas corpus* by Judge Smith of the Circuit Court for Balti-
more County was tried on the charge of larceny of an auto-
mobile, convicted of its unauthorized use, and on May 3,
1957, sentenced to not more than three years in the Maryland
Penitentiary.

The various contentions of applicant follow: (1) that be-
fore trial he was held *incommunicado* by Baltimore City
police and was not permitted benefit of counsel; (2) that his
court-appointed attorney did him "a great deal of harm";
(3) that the Criminal Court of Baltimore lacked jurisdiction
to try him, inasmuch as he was outside the State of Maryland
when apprehended; (4) that the trial judge showed prejudice
against him; (5) that he was unconstitutionally denied a new
trial; (6) that the indictment was defective; and (7) that
the evidence was insufficient to convict him.

Applicant's allegation that he was held *incommunicado*
without benefit of counsel will not avail him. The record
shows that he was represented at trial by court-appointed
counsel, and it fails to indicate that he was deprived of any
constitutional rights or that he claimed at the trial that he
was. *Lucas v. Warden,* 209 Md. 645, 646.

Ford's complaint that his attorney caused him great harm,
standing alone, likewise will not support a writ of *habeas*

*corpus.* He does not allege bad faith, fraud or collusion by his counsel with any State official, nor does he allege that he complained to the trial judge concerning his court-appointed attorney. *Sykes v. Warden,* 201 Md. 662, 663.

Petitioner's claim that the Criminal Court of Baltimore had not the jurisdiction to try him, inasmuch as he was apprehended outside the State, is without merit; obviously, a court can lawfully try a defendant who commits a crime within its jurisdiction. *Frisbie v. Collins,* 342 U. S. 519, 96 L. Ed. 541.

The contention that the applicant was unconstitutionally denied a new trial cannot serve as ground for *habeas corpus.* This Court has held repeatedly that the granting or refusal to grant a new trial is within the trial court's discretion, and that we will not review, even on appeal, the rulings of the trial court on motions for new trials or the denial thereof. *Legrand v. Warden,* 205 Md. 662, 664.

Any matters of alleged prejudice on the part of the trial judge, defects in the indictment, or sufficiency of the evidence are available for consideration on appeal but may not be considered on *habeas corpus.* The allegations as to the prejudice show that applicant thinks the trial judge prejudiced because he said that he thought that the accused did not steal the car but did use it knowing it to be stolen, and because he would not order a mental examination before sentencing him. *Barker v. Warden,* 208 Md. 662, 665; *Ahern v. Warden,* 203 Md. 679, 680; *Whitley v. Warden,* 209 Md. 629, 631.

*Application denied, with costs.*