## HOBBS *v.* WARDEN OF MARYLAND PENITENTIARY

[App. No. 2, September Term, 1960 (Adv.).]

652

*Decided July 5, 1960.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

PRESCOTT, J., delivered the opinion of the Court.

The petitioner asks leave to appeal from the denial by Judge Manley in the court below of an original and an amended petition. He was found guilty, on January 5, 1954, in the Criminal Court of Baltimore, under one indictment charging an assault with intent to murder one Remedios Hunt, and under another indictment charging a simple assault on one Benjamin Mariano. Judge Carter imposed sentences of ten (10) years in each indictment, said sentences to run consecutively. No motion for a new trial or appeal was taken; however, the State's Attorney informs us of one prior petition for *habeas corpus* in 1954 which Judge Byrnes denied on the ground that the sufficiency of the evidence was not an available reason for the granting of relief under such a writ.

For the reasons stated in the opinion of the court below, the first six contentions presently offered by the petitioner are not well taken. They were as follows: The evidence was insufficient; false testimony was given by the prosecuting witness; the judge improperly relied on the applicant's criminal record in determining the severity of the sentence; the court-appointed counsel did not adequately represent him; if tried by a jury, the petitioner would not have been found guilty; and that the petitioner was forced into the commission of the crime.

In his amended petition, the applicant argues that "his constitutional guarantees of due process of law and the prohibition

against cruel and unusual punishment have been violated." He reasons that since simple assault, under the common-law indictment has no maximum or minimum penalty, he has no remedy except his constitutional guarantee against cruel and unusual punishment, which he asserts is apparent from the same sentence being given for such totally different offenses.

If we assume, without deciding, that this contention has not been waived and further that it is a proper one for consideration under post-conviction procedure, it is, in this instance, without merit. Simple assault is a common-law misdemeanor, and the sentence therefor, after a conviction of guilt, is in the discretion of the trial court. *Heath v. State,* 198 Md. 455, 467; *Apple v. State,* 190 Md. 661, 668. The petitioner, who has a record of previous convictions, had just been released from confinement on parole. He went to the house of his former "girl friend," and attempted to shoot her and a man who came to visit her, but the pistol that he was using failed to go off. He cut the "girl friend" severely with a razor, causing her to be hospitalized. It is only the ten-year sentence for attempting to shoot Mariano that the petitioner disputes. In *Roberts v. Warden,* 206 Md. 246, this Court dealt quite fully with the question of sentences that are so unreasonably excessive as to be inordinately disproportionate to the offense committed, and quoted from the earlier case of *Mitchell v. State,* 82 Md. 527, 534, as follows:

> "Even where the law confides to the Judge the imposition of the sentence without definite limit, it still may be possible to violate the Declaration of Rights. If the punishment is grossly and inordinately disproportionate to the offence so that the sentence is evidently dictated not by a sense of public duty, but by passion, prejudice, ill-will or any other unworthy motive, the judgment ought to be reversed, and the cause remanded for a more just sentence."

Under the facts and circumstances of this case, we are unable to say that the sentence imposed was so grossly and inordinately disproportionate to the offense committed as to render it illegal.

*Application denied.*