## SHIELDS *v.* STATE

[No. 186, September Term, 1960.]

*Decided March 16, 1961.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, HAMMOND, HORNEY and MARBURY, JJ.

*William T. Winand, Jr.,* for appellant.

*James H. Norris, Jr., Special Assistant Attorney General,*
with whom were *C. Ferdinand Sybert, Attorney General, Saul
A. Harris* and *Charles E. Moylan, Jr., State's Attorney* and
*Assistant State's Attorney,* respectively, of Baltimore City, on
the brief, for appellee.

PER CURIAM.

The appellant, Nathaniel Shields, was charged in the first
count of the indictment in this case with assault with intent
to kill, and in the second count with assault and battery. He
was tried in the Criminal Court of Baltimore and was found
by the jury not guilty on the first count but guilty on the
second. He had a long record of convictions involving crimes
of violence and was sentenced to eight years' imprisonment.
On this appeal he challenges the sufficiency of the evidence
to support his conviction and he attacks the sentence as cruel
and unusual.

The pertinent facts are brief. Nathaniel Shields, aged 65,
and his brother, William H. Shields, who lived together in a
room which they rented in Baltimore, engaged first in a

drinking bout and then in two fights in April, 1960. The first fight occurred on the first floor of the house where they lived when William (who also has something of a criminal record) attacked Nathaniel with a knife. A woman friend of the landlady tried to separate the brothers and got cut for her efforts. Nathaniel then took her to a hospital, returned to the house and went upstairs to change his clothes. As he did so, he called to the landlady to lock the door; but before she could do so, William, who had gone out, re-entered the house and started up the stairs. Nathaniel met him at the head of the stairs and this time Nathaniel cut William with a razor. It is not shown that William had a knife in this fight, nor does the record clearly show that he did not. After this fight William was taken to a hospital. Nathaniel's defense was self-defense.

Whether the defendant acted in self-defense or otherwise was a proper matter for determination by the jury on the testimony in this case. There is no exception to the court's charge on this subject, which submitted this issue for the jury's determination. There was no error in denying the appellant's motion for a directed verdict.

We also find unsustainable the appellant's contention that the sentence was cruel and unusual and hence invalid. *Heath v. State,* 198 Md. 455, 466-467, 85 A. 2d 43; *Roberts v. Warden,* 206 Md. 246, 111 A. 2d 597; *Kirby v. State,* 222 Md. 421, 160 A. 2d 786.

The appellant filed a motion, *pro se,* in the trial court to vacate the judgment, which was denied. He sought to appeal from the order denying the motion and the State moved to dismiss the appeal from that order. Since such an order is no longer appealable (as the appellant's counsel concedes), at the time of the argument we granted the State's motion. Code (1960 Cum. Supp.), Art. 27, § 645 A (b); *Brady v. State,* 222 Md. 442, 160 A. 2d 912.

As to the matters properly before this court on appeal the judgment is affirmed.

*Judgment affirmed.*