BURLEY *v.* STATE

[No. 328, September Term, 1960.]

*Decided July 6, 1961.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, MARBURY and SYBERT, JJ.

*James R. White,* for appellant.

*Earl I. Rosenthal, Special Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Saul A. Harris* and *Dene Lusby, State's Attorney* and *Assistant State's Attorney,* respectively, of Baltimore City, on the brief, for appellee.

PER CURIAM.

On December 6, 1960, Leroy Mark Burley, the appellant, was tried before Judge James K. Cullen, sitting without a jury, in the Criminal Court of Baltimore, on an indictment in two counts, the first charging assault with intent to murder, and the second, assault. He was found not guilty on the first count but guilty of assault. He was sentenced to five years' imprisonment, to be served consecutively upon the termination of an eight-year sentence, under which the appellant had served three years prior to his escape from the House of Correction and prior to his conviction in the present case.

Before this Court the appellant contends that his conviction was based on insufficient evidence and that, in any case, his sentence, due to its severity, was improper. The appellant's counsel candidly states that he is raising these contentions at the insistence of the appellant and not on his own motion. Cf. *Brown v. State,* 223 Md. 401, 403, 164 A. 2d 722. The evidence, if believed, was clearly sufficient to sustain the conviction.

Hilda Burley, the appellant's wife, identified the appellant as the man who on the morning of December 23, 1960, broke the front door open at her residence at 834 South Sharp Street, followed her to the rear yard of the house and there stabbed her twice in the arm. Two neighbors of Mrs. Bur-

ley likewise positively identified the appellant as the assailant; one of these witnesses said that he saw the appellant with the knife in his hand, the other that he saw the actual stabbing motion. The clothing described by the witnesses as that worn by the assailant was identical with the clothing on the appellant's person when he was arrested soon after the attack.

The appellant denied that he made the attack and said that the assailant was some unknown third person. He does not claim that his wife was prejudiced against him, though he says they had agreed the night before in a long distance telephone conversation to separate. He says that he was about to surrender himself to the House of Correction and returned to Maryland from out of state for that purpose and went first to visit his wife. In the trial court he attacked the credibility of one of the neighbor witnesses because of a criminal record, and on this appeal he seeks to add an attack on the credibility of both of the neighbor witnesses on the ground that they were friendly with his wife.

Questions of the credibility of the witnesses are primarily for the trial judge and his determination of the facts is not to be overturned by us unless clearly erroneous. Needless to say, the trial judge did not have to believe the appellant's story to the effect that an unidentified third person, seen by no other witness, committed the assault. See *Jordan v. State,* 219 Md. 36, 49, 148 A. 2d 292; *Bell v. State,* 220 Md. 75, 81, 150 A. 2d 908.

Giving due regard to the opportunity of the trial court to judge the credibility of this witness, as required by Rule 741 c of our Rules, and there being no other claim of error going to the evidence upon which the conviction was based, the conviction must be sustained. *Hardesty v. State,* 223 Md. 559, 564, 165 A. 2d 761.

Next we turn to the appellant's claim that a sentence of five years for simple assault is excessive and therefore violative of his rights under the Maryland Declaration of Rights, Article 25. Assault is a common-law offense for which no specific penalty is provided by law, except the limitations imposed by the Declaration of Rights' prohibition against cruel

and unusual punishment. *Hobbs v. Warden,* 223 Md. 651, 653, 163 A. 2d 331, and cases there cited; *Jett v. Superintendent,* 209 Md. 633, 640, 120 A. 2d 580; *Roberts v. Warden,* 206 Md. 246, 111 A. 2d 597.

Under the circumstances of this case, including the appellant's conviction on prior occasions of crimes against the person, we can not but conclude that the sentence imposed below did not amount to cruel and unusual punishment. *Hobbs v. Warden, supra,* and cases there cited.

For the reasons stated the judgment will be affirmed.

*Judgment affirmed.*