## BUFFINGTON *v.* STATE

[No. 109, September Term, 1962.]

*Decided January 18, 1963.*

The cause was argued before BRUNE, C. J., and HAMMOND, PRESCOTT, MARBURY and SYBERT, JJ.

*R. Duncan Clark* for the appellant.

*Gerard Wm. Wittstadt, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Leonard T. Kardy, State's Attorney for Montgomery County,* and *Stewart Sweeney, Assistant State's Attorney,* on the brief, for the appellee.

PER CURIAM.

Appellant was indicted on five counts charging rape, assault with intent to rape, carnal knowledge of a child under 14, assault with intent to carnally know, and assault and battery. Appellant entered pleas of not guilty and not guilty by reason of insanity, which pleas were withdrawn when the case was called for trial. The State thereupon abandoned all counts except the one charging carnal knowledge of a child under 14, to which appellant pleaded guilty. After the court explained to appellant the significance of this charge and the penalty therefor, extensive testimony was heard from prosecution and defense witnesses on the question of sentence, whereupon appellant was sentenced to 21 years in the Maryland Penitentiary. We are asked to review both the verdict and sentence.

The State has filed a motion to dismiss the appeal, alleging appellant's non-compliance with Maryland Rule 828 in that he did not print the material testimony and the judgment in his brief, both being stated to be necessary for the determina-

tion of the questions presented. Non-compliance with Rule 828 is ordinarily sufficient ground for dismissal. In this case we find that the brief provides sufficient material for us to decide the questions raised. Therefore the motion to dismiss is denied. *Brown v. Fraley,* 222 Md. 480.

The contention that the trial court committed error in finding appellant guilty is without weight since appellant, who was represented by counsel, entered a plea of guilty. Therefore evidence to prove guilt was unnecessary and no error was committed; hence the conviction will not be reviewed on appeal. *Moyer v. State,* 225 Md. 156, 158.

Appellant's other contention, that the sentence was excessive, is also without merit. The sentence imposed was one of the sentences provided in the statute (Code (1957), Art. 27, sec. 462), and in this State such a sentence will not be reviewed on appeal unless it comes within the narrow exception recognized in *Reid v. State,* 200 Md. 89, 92-93, and this is not that case.

*Judgment affirmed.*