GLEATON *v.* STATE

[No. 351, September Term, 1963.]

272

*Decided June 11, 1964.*

The cause was argued before HENDERSON, PRESCOTT, HORNEY and SYBERT, JJ., and KEATING, J., Associate Judge of the Second Judicial Circuit, specially assigned.

274

*James P. Lewis* for the appellant.

*Stuart H. Rome, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General,* and *James Owen Knotts, State's Attorney for Caroline County,* on the brief, for the appellee.

HORNEY, J., delivered the opinion of the Court.

This is an appeal from the judgment and a sentence of ten years entered on a plea of guilty to a charge of simple assault.

In the late evening of May 3, 1963, the defendant (Charlie Daniel Gleaton) and a codefendant entered a tavern in Denton ostensibly for the purpose of inquiring as to the whereabouts of another person. While there, they became involved in a fight with a group of patrons and bystanders. After some difficulty in starting the automobile in which they had come to the tavern, the pair fled to the home of the defendant where he armed himself with a shotgun. The two then proceeded in the automobile, with the codefendant driving, in the direction of the home of William O. Baynard, whom they thought they had recognized at the tavern. On the way, shortly after midnight, they came upon Baynard and two other men who were walking along a path leading from the public road toward their respective homes. Believing that these men had participated in the fight, the defendant fired a single shot from the automobile and wounded all three of them. The police, after obtaining a description of the assailants and the automobile from the victims, promptly initiated an investigation which culminated in the arrest of the suspects in the early morning hours of May 4. Within twelve hours thereafter, both gave full statements as to the circumstances of the crime and their participation in it.

An information was filed against the defendant on May 27 charging him with assault with intent to murder in the first count, simple assault and beating in the second count and assault and beating with intent to maim in the third count. Baynard was the only named victim in each of the counts. Subsequently, the defendant was brought before the lower court and informed of the nature of the charges against him, the maxi-

mum sentence for each, and his right to court-appointed counsel, and, on his request, an attorney (not his counsel on appeal) was assigned to represent him. At his arraignment on June 19, counsel for the defendant entered pleas of "not guilty" to the first and third counts and a plea of "guilty" to the second count on behalf of the defendant and made an election for him to be tried by the court. The State accepted the pleas of not guilty to the first and third counts. However, on June 26, the previous pleas and election were stricken out by the court, and, on rearraignment, the identical pleas and election were reentered. But the prosecuting attorney, on this occasion, moved to nolle pros the first and third counts, and there being no objection by the defendant, the motion was granted.

After an evidentiary hearing on the plea of guilty to the second count, at which the validity of the arrest of the defendant was not challenged, and his statement to the police was admitted without objection, the court found the defendant guilty "as confessed" of simple assault. On August 16, following a presentence investigation, the court sentenced the defendant to a term of ten years in the Penitentiary with credit for the time he had spent in jail. Other than the docket entries, no record was made of the sentencing proceedings. Ten days after sentence had been imposed, the defendant, in a letter to the lower court, requested a reduction of the sentence but made no claim that he had been promised a lesser sentence.

The questions urged on appeal, concerning the efficacy of the plea of guilty and the validity of the sentence, are: (i) was the acceptance of the plea of guilty to the second count improper, and, if so, was there sufficient evidence to sustain a verdict of guilty independent of the plea?; and (ii) was the sentence of ten years invalid either because it was unlawful or "inequitable"?

(i)

In *Roberts v. Warden,* 221 Md. 576, 155 A. 2d 891 (1959), this Court had occasion to say (at p. 580) that:

"Pleas of guilty in criminal proceedings are unconditional, and, if the defendant attaches any condition or qualification to such a plea, the trial court should di-

rect the entry of a plea of not guilty; but a plea of guilty freely and voluntarily made by a sane person, when accepted and recorded, is a 'conviction of the highest order.' "

Similarly, we have consistently held that a plea of guilty may be entered under circumstances indicating understanding and acquiescence on the part of the accused, and, under such circumstances, the acceptance of such a plea cannot be attacked for the first time on appeal. *Cooper v. State,* 231 Md. 248, 253, 189 A. 2d 620 (1963); *Buffington v. State,* 230 Md. 423, 425, 187 A. 2d 301 (1963); *Cumberland v. Warden,* 205 Md. 646, 648, 109 A. 2d 66 (1954), *cert. den.* 348 U. S. 929 (1955); *Banks v. State,* 203 Md. 488, 497, 102 A. 2d 267 (1954). In the instant case, a plea of guilty was twice entered to the charge of simple assault and on neither occasion did the defendant interpose an objection. Furthermore, the record clearly indicates that he understood and acquiesced in the course of action taken by his trial counsel. He cannot, therefore, now contest the entry of the plea.

In this Court, counsel for the defendant argued that the plea of guilty to simple assault had been conditioned on an agreement with the State that it would nolle pros the first and third counts. While we have held that an appeal will lie, even after a plea of guilty, when a plea was not voluntarily and freely made, we need only point out that the record in this case does not indicate or even suggest either that any agreement was made or that the plea was other than knowingly and voluntarily made. The defendant knew that there was a strong case against him and there was no suggestion that he was induced to plead guilty by the subsequent action of the State in nolle prossing the first and third counts. In any event, the incriminating statement of the defendant, to which no objection was made in the lower court, and the substantiation thereof found in the testimony of two of the victims, provide sufficient evidence to support a verdict of guilty even if the defendant had plead "not guilty" to simple assault.

(ii)

The defendant further contends that his sentence for the

crime of simple assault was unlawful and "inequitable." We think not.

The imposition of sentence in a criminal case is a matter within the province of the trial judge, *Reid v. State,* 200 Md. 89, 92, 88 A. 2d 478 (1952), *cert. den.* 344 U. S. 848 (1952), and if the sentence is within the limits prescribed by law, it ordinarily may not be reviewed on appeal. *Biles v. State,* 230 Md. 537, 538, 187 A. 2d 850 (1963).

Even assuming, without deciding, that the case at bar presents such unusual circumstances as would warrant a review of the sentence, we think it was neither unlawful nor unfair. As to whether the sentence was unlawful, the claim is premised on the theory that it would be unreasonable to deem a prison term of ten years to be proper and lawful in view of the fact that the maximum sentence prescribed for the statutory offense of assault with intent to murder (under the first count) and assault and beating with intent to maim (under the third count) are limited to fifteen years for the former and ten years for the latter. See Code (1957), Art. 27, §§ 12 and 386. This is not the first time we have been confronted with this uncommon (though not novel) contention. See *Roberts v. Warden,* 206 Md. 246, 111 A. 2d 597 (1955), relied on by the defendant to support the point. There is, however, in this State no statutory limitation on the penalty which may be imposed for simple assault, and there was none at common law. *Heath v. State,* 198 Md. 455, 467, 85 A. 2d 43 (1951); *Apple v. State,* 190 Md. 661, 668, 59 A. 2d 509 (1948). Nor do we construe the penal limits imposable for the statutory assaults as implying a legislative policy to confine sentences for common law assault to not more than those prescribed for the statutory assaults. Statutes in derogation of the common law are strictly construed, and it is not to be presumed that the legislature by creating statutory assaults intended to make any alteration in the common law other than what has been specified and plainly pronounced. *Dwarris on Statutes,* 695. The matter of imposing sentences is left to the sound discretion of the trial court, and the only restraint on its power to fix a penalty is the constitutional prohibitions against cruel and unusual penalties and punishment found in Articles 16 and 25 of the Maryland Declaration of

278

Rights. See *Mitchell v. State,* 82 Md. 527, 534, 34 Atl. 246 (1896) ; *Von dem Bosch v. Swenson,* 194 Md. 715, 716, 70 A. 2d 599 (1950) ; *Casey v. Warden,* 198 Md. 645, 647, 80 A. 2d 896 (1951). The ten year sentence imposed on the defendant in this case did not violate the constitutional proscriptions. Cf. *Adair v. State,* 231 Md. 255, 256, 189 A. 2d 618 (1963), affirming a twenty year sentence for simple assault, and *Hobbs v. Warden,* 223 Md. 651, 653, 163 A. 2d 331 (1960), upholding a ten year sentence for the same offense.

In support of the claim that the sentence was unfair, the defendant, relying on *Lowe v. State,* 111 Md. 1, 73 Atl. 637 (1909), contends that the agreement of the State to enter a nolle pros to the first and third counts provided the defendant would plead guilty to the second count, vested in him an equitable right which had the effect of limiting the power of the court in the exercise of its discretion in passing sentence. The contention is without merit. The instant case is distinguishable from the *Lowe* case for that in *Lowe* there had been at least an implied agreement between the accused and the State of which the lower court was aware or had approved. See *Knox v. State,* 234 Md. 203, 198 A. 2d 285 (1964). On the other hand, in the case at bar, there is nothing in the record to indicate the existence of the agreement claimed by the defendant, and, even if one was made, it would not be binding on the court. *Hamilton v. Warden,* 214 Md. 633, 636, 136 A. 2d 251 (1957).

As a result of the defendant's appellate counsel having filed in this Court immediately preceding the time set for argument of this case a petition (supported only by an affidavit made by the defendant) to remand the case for further proceedings, there is an additional matter to be considered. In the petition for remand it was asserted that the defendant's plea of guilty to simple assault was induced by his mistaken belief that the maximum lawful sentence for such offense was seven years. It is further claimed that the entry by the State of a nolle pros to the respective counts for assault to murder and maim was conditioned on the defendant's pleading guilty to simple assault in conformity with an agreement between the defendant and the prosecuting attorney.

The defendant relied on *Graczyk v. State,* 230 Md. 299, 302,

186 A. 2d 616 (1962), as authority for him to file and this Court to receive the petition. In that case, we considered, simultaneously with the appeal, additional allegations made by the appellant with respect to his understanding of the maximum sentence and the conditions under which he had entered a plea of guilty. That case, however, did not involve a petition such as that filed in this case, but rather a motion *pro se* filed by the appellant to stay argument of an appeal pending before this Court until another attorney could be appointed "to properly and fully prepare a brief and argument" for him. In response to the motion, we deferred hearing the case and "requested the defendant to submit a statement of the points he claimed his counsel failed to raise and a statement of the matters he claimed were omitted from the record." In the present case, not only was there no request to stay the argument or a request by us to state the reasons therefor, but, which is more significant, there was no claim that the defendant had been inadequately represented. Moreover, the action of the Court in *Graczyk* was predicated on the particular facts and circumstances of that case and must be limited thereto. Accordingly, the petition for remand is denied without prejudice to any other rights the defendant may have, if any.

*Judgment affirmed.*