## AUSTIN *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 72, September Term, 1964.]

*Decided January 8, 1965.*

Before Prescott, C. J., and Hammond, Horney, Marbury, Sybert and Oppenheimer, JJ.

Oppenheimer, J., delivered the opinion of the Court.

On September 11, 1961, the Grand Jury for Cecil County indicted the petitioner on two counts: (1) assault and intent to ravish and carnally know; and (2) simple assault. On October 4, 1961, petitioner was found guilty on both counts and sentenced by Judge Rollins to 30 years. The sentence was subsequently reduced to 20 years. On January 21, 1963, an order for petitioner's examination at Patuxent to determine whether he was a defective delinquent was passed. On December 5, 1963, Chief Judge J. DeWeese Carter granted petitioner a new trial under the Post Conviction Procedure Act based upon the fact that at his trial, prior to verdict, his previous criminal record was reviewed by the court. Petitioner was arraigned before Judge Keating, at which time he entered a plea of not guilty and elected a court trial. Petitioner was found not guilty under the first count and guilty under the second count of the original indictment, and sentenced to 10 years. On January 17, 1964, another order was signed transferring petitioner to Patuxent for a determination of whether petitioner was a de-

fective delinquent. A motion for reduction of sentence was denied on January 27, 1964. In March, 1964, petitioner filed a petition for Post Conviction relief with Judge Rasin and a subsequent amendment to that petition was allowed.

After hearing, Judge Rasin filed an opinion and order dismissing the petitioner's application for relief. The petitioner, through his counsel, in this application for leave to appeal from that order, sets forth eight grounds to support his application.

The petitioner's first contention is that at his trial before Judge Keating it was error to convict him on the second count charging him with assault after he had been found not guilty of assault with intent to rape. He contends that the two offenses are merged and that the court's action constitutes double jeopardy. The double jeopardy protection of the Fifth Amendment is not transmitted to the States through the Fourteenth Amendment. *Eggleston v. State,* 209 Md. 504, 513, 121 A. 2d 698 (1956) ; see also *Palko v. Connecticut,* 302 U. S. 319 (1937). Nor is it a ground under the Post Conviction Procedure Act. *Best v. Warden,* 235 Md. 633 (1964). If the double jeopardy protection applied, however, it would not avail petitioner in this case. In order to sustain a conviction under the first count, there would have to have been evidence of an assault together with evidence of an intent to ravish and carnally know. Under the second count, there had to be only sufficient evidence to show an assault. The trial judge may well have found, as he apparently did, that there was not sufficient evidence of intent to ravish and carnally know but that there was sufficient evidence of an assault. The judgments are not inconsistent.

Petitioner's second, fourth and seventh contentions assert that certain medical reports in respect of his mental state and certain statements about his character and mental health, which were prejudicial to him, were improperly admitted and thereafter improperly summarized at his trial prior to the court's finding him guilty. These are matters which, if meritorious, could have been raised by a direct appeal and his failure to do so bars them as grounds in this proceeding. *Dorris v. Warden,* 222 Md. 586, 158 A. 2d 105 (1960). See also *Davis v. Warden,* 235 Md. 637 (1964).

The petitioner's third contention is that the ten year sen-

tence for simple assault constituted cruel and unusual punishment. This is a common-law offense and the sentence does not exceed the maximum authorized by law since no maximum is prescribed. Under such circumstances we have held that sentences such as the one here involved do not constitute cruel and unusual punishment. *Gleaton v. State,* 235 Md. 271, 201 A. 2d 353 (1964).

The petitioner's fifth contention is that the trial court erred in dismissing his application for reduction of sentence without a hearing or appointment of counsel. Petitioner was not constitutionally entitled to counsel after sentence had been passed. This was not a crucial stage of the proceedings. See *Gideon v. Wainwright,* 372 U. S. 335 (1963) ; *Powell v. Alabama,* 287 U. S. 45 (1932). Further, this allegation does not go to the fairness of the trial, which is the subject of this Post Conviction proceeding, and, accordingly is not a ground for Post Conviction relief.

The petitioner's sixth allegation which, taken in conjunction with his petition for Post Conviction relief, seems to allege that he could not have had a fair trial because he was a pauper and counsel had to be appointed for him. This allegation does not merit discussion.

In his eighth ground for relief, the petitioner sets forth three alleged errors; the first two are that his confession was admitted while he was without benefit of counsel and that he was illegally arrested without a warrant. The court below was incorrect, in view of recent decisions of the Supreme Court of the United States, in holding that these are matters which can not be considered in a Post Conviction proceeding. However, the allegations are mere bald assertions; such assertions, unsupported by specific allegations, do not constitute a ground for Post Conviction relief. *Mefford v. State,* 235 Md. 497 (1964) ; *Bryant v. Warden,* 235 Md. 658, 659 (1964). An illegal arrest, standing alone does not vitiate a confession. *Peal v. State,* 232 Md. 329, 332 (1963).

The petitioner's last contention under the eighth ground in his application is that he did not voluntarily, or in writing, waive his extradition rights when apprehended in Pennsylvania and brought to Maryland for trial. The fact that petitioner was

forcibly returned from Pennsylvania by authorities to stand trial in Maryland where his criminal conduct took place and where he had been indicted prior to his flight is not of itself in a criminal proceeding legally significant. *Ker v. Illinois,* 119 U. S. 436, 444 (1886). Nor did the alleged forcible abduction under these circumstances deprive the petitioner of any state or federally secured right. See *Ford v. Warden,* 214 Md. 649, 652, 135 A. 2d 894 (1957) and *Frisbie v. Collins,* 343 U. S. 519 (1952).

*Application denied.*