694

STREAT *v.* STATE

[No. 364, September Term, 1964.]

Decided June 25, 1965.

Submitted to HORNEY, MARBURY, SYBERT, OPPENHEIMER and BARNES, JJ.

Submitted on brief by *Jack E. Richards* for appellant.

Submitted on brief by *Thomas B. Finan, Attorney General, Jon F. Oster, Assistant Attorney General, Charles E. Moylan, Jr.* and *James A. McAllister, State's Attorney* and *Assistant State's Attorney,* respectively, *for Baltimore City,* for appellee.

PER CURIAM.

The appellant was indicted and convicted on two counts of robbery with a deadly weapon. For these offenses he received terms of five and ten years, the sentences to run consecutively. The appellant's primary argument is that there was not sufficient evidence to support his convictions because there was no positive identification of him as the robber by the victims, an argument which his counsel presents by request of his client but candidly does not endorse.

The appellant in signed statements, the voluntariness of which was not impeached below and is not questioned here, acknowledged his participation in each of the two crimes.

The corpus delicti of each robbery was established by the victims who explained that positive identification was not possible because the robbers wore stockings over their faces. The appellant confessed to being a participant in the robberies the witnesses testified to. This is enough to support a finding of guilt without eyewitness identification of the accused as the robber. *Foster v. State,* 230 Md. 256, 259; *Bagley v. State,* 232 Md. 86; *Stevens v. State,* 232 Md. 33.

Appellant's subsidiary contention, again presented by his counsel by request, is that he was deprived of a fair trial because a red sport shirt with white stripes was received in evidence against him. Streat had told the police of the shirt which was given to the police by his mother when they went to his home. When the shirt was shown to him, he identified it as his and as having been worn by his accomplice in one of the robberies. We find no error in its use against him at the trial.

Appellant argues further that the sentences imposed on him were grossly disproportionate to the offenses committed and amounted to cruel and unusual punishment. The sentences were in total well within statutory limits, and their length offer no basis to appellant for relief. *Apple v. State,* 190 Md. 661; *Hobbs v. Warden,* 223 Md. 651.

*Judgments affirmed.*