JOHN EDWARD MILLER *v.* STATE OF MARYLAND

[No. 256, Initial Term, 1967.]

*Decided August 17, 1967.*

The cause was submitted to ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and PRETTYMAN, J., Associate Judge of the First Judicial Circuit, specially assigned.

*E. Thomas Maxwell, Jr.,* and *G. Denmead LeViness* for appellant.

*Francis B. Burch, Attorney General, Frank A. DeCosta, Jr., Assistant Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *James Dudley, Assistant State's Attorney for Baltimore City,* for appellee.

PER CURIAM.

John Edward Miller was tried on July 18, 1966, before Judge Shirley B. Jones, and found guilty of assault. On September 26, 1966, he was sentenced to five years in the Maryland Correctional Institution. From that judgment, he filed an appeal to this court on October 11, 1966, contending that the sentence constituted cruel and unusual punishment, that his trial counsel was incompetent, and that the evidence was insufficient to sustain a verdict of guilty of assault.

On May 22, 1966, Mr. Joseph R. Tellis was assaulted and beaten as he was walking to his home from a tavern. He identified the appellant and another man, Ray W. Mitchell, as his assailants. A man driving by in a car noticed the disturbance, located a policeman, and brought him to the scene. The policeman found Miller and Mitchell leading Tellis away, and was told they were trying to help him. Although Tellis complained his wallet had been taken, neither wallet nor money was found on either Miller or Mitchell.

The State's motion to dismiss the appeal on the ground that it was not timely filed, pursuant to Maryland Rule 1035 b 2, must be denied since the sentence was not imposed until September 26, 1966, and his appeal was filed on October 11, 1966, clearly within the thirty-day period. See *Brown v. State,* 237 Md. 492; *Hardy v. Warden,* 218 Md. 659; *McCoy v. Warden,* 1 Md. App. 108.

Appellant's contention that his five-year sentence for assault constitutes cruel and unusual punishment is without merit. Assault is a common law crime for which no statutory limit governing punishment is prescribed, and the determination of the length of the sentence is left to the sound discretion of the trial court. Sentences for twenty years (*Roberts v. Warden,* 242 Md. 459; *Adair v. State,* 231 Md. 255), ten years (*Austin v. Director,* 237 Md. 314; *Gleaton v. State,* 235 Md. 271), eight

years (*Shields v. State*, 224 Md. 485), and five years (*Burley v. State*, 226 Md. 94) have been upheld against similar constitutional attack. The fact that a co-defendant received a lesser sentence does not *per se* render unlawful an otherwise permissible sentence. *James v. State*, 242 Md. 424; *Hardesty v. State*, 223 Md. 559. Furthermore, it is proper for the court, in imposing sentence, to receive and consider information concerning the appellant's entire background, including prior convictions. *Holt v. Warden*, 223 Md. 654; *Jones v. State*, 221 Md. 141. Clearly, appellant has not been subjected to cruel and unusual punishment.

Appellant claims that his trial counsel was incompetent because he failed to file an appeal and he only interviewed him once before the trial. Appellant at no time raised the issue of incompetency of counsel at his trial, and the question is not properly before this court. Maryland Rule 1085. At any rate, appellant was informed of his right to appeal and did, in fact, appeal. Furthermore, the fact that the trial counsel only made one visit to the appellant before the trial does not establish his incompetency, absent a showing that he was not afforded genuine and effective representation going to the fundamental fairness of the trial. *Turner v. State*, 242 Md. 408; *Slater v. Warden*, 241 Md. 668. Clearly, appellant has not made such a showing.

We are satisfied that the trial judge could, on the basis of the testimony of the prosecuting witness, an eyewitness, and the arresting officer, reasonably conclude that the appellant was guilty of assault. Questions relating to the credibility of the witnesses are primarily for the trial judge and his determination of the facts is not to be overturned by this Court unless clearly erroneous. We find appellant's contention that the evidence was insufficient to sustain a verdict of guilty of assault to be without merit.

*Judgment affirmed.*