2 Md. App. 633 (1967)
236 A.2d 32
ALBERT WASHINGTON AND ROBERT EDWARD WALKER
v.
STATE OF MARYLAND.
No. 7, September Term, 1967.
Court of Special Appeals of Maryland.
Decided December 18, 1967.
*634 The cause was submitted to MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.
Charles A. Dukes, Jr., for appellants.
Alan M. Wilner, Assistant Attorney General, with whom were Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County, and James E. Kenkel, Deputy State's Attorney for Prince George's County, on the brief, for appellee.
PER CURIAM:
Following their pleas of guilty to the crime of assault and battery, appellants were each given an indeterminate sentence not to exceed ten years in the Maryland Reformatory for Males. Their sole contention on this appeal is that the sentences imposed on them were cruel, excessive and unusual in violation of Articles 16 and 25 of the Maryland Declaration of Rights, and of the Eighth and Fourteenth Amendments to the Federal Constitution.
It is well settled that imposition of sentence in a criminal case in this State is a matter peculiarly within the province of the trial judge, Reid v. State, 200 Md. 89, Gee v. State, 2 Md. App. 61; and that a sentence will be reviewed on appeal only where grossly and inordinately disproportionate to the offense to such an extent that the sentence was evidently dictated not by a sense of public duty, but by passion, prejudice, ill will, or other unworthy motive, James v. State, 242 Md. 424, Fisher v. State, 1 Md. App. 505.
Assault and battery is a common law crime, for which no statutory limit governing punishment is prescribed, Miller v. State, 1 Md. App. 653. A twenty-year sentence has been held not cruel and unusual in Roberts v. Warden, 242 Md. 459 and Adair v. State, 231 Md. 255. Similarly, a ten-year sentence was *635 held not violative of constitutional protections against cruel and unusual punishment in Austin v. Director, 237 Md. 314 and Gleaton v. State, 235 Md. 271.
While appellants advance a strong and unusually forceful argument in support of their position, we cannot find, on the record before us, that the sentences imposed on them were an outgrowth of any unworthy motive, or of a lack of a sense of public duty on the part of the trial judge. We hold that the sentences do not violate either the State or Federal Constitutions.
Judgment affirmed.