JAMES VERLIE ROGERS a/k/a VERLIE J. RODGERS
*v.* STATE OF MARYLAND

[No. 300, September Term, 1967.]

*Decided June 11, 1968.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Richard K. Jacobsen,* with whom was *A. Parks Rasin, Jr.,* on the brief, for appellant.

*H. Edgar Lentz, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *William Parsons Fennell, State's Attorney for Kent County,* on the brief, for appellee.

PER CURIAM.

The appellant was found guilty at a court trial in the Circuit Court for Kent County of assault and battery and sentenced to imprisonment for a term of three years.[1] His only contention

---

1. The appellant first tendered a plea of *nolo contendere.* After hearing evidence the court refused to accept the plea and the appellant entered a plea of not guilty. The judge who heard the evidence on the plea of *nolo contendere* and refused to accept that plea entered a notice of disqualification and trial on the merits was had before another judge.

on appeal is that the sentence imposed was cruel and unusual in the constitutional sense. The contention was fully answered in *Washington v. State,* 2 Md. App. 633, where we said, at 634-635:

> "It is well settled that imposition of sentence in a criminal case in this State is a matter peculiarly within the province of the trial judge, *Reid v. State,* 200 Md. 89, *Gee v. State,* 2 Md. App. 61; and that a sentence will be reviewed on appeal only where grossly and inordinately disproportionate to the offense to such an extent that the sentence was evidently dictated not by a sense of public duty, but by passion, prejudice, ill will, or other unworthy motive. *James v. State,* 242 Md. 424, *Fisher v. State,* 1 Md. App. 505. Assault and battery is a common law crime, for which no statutory limit governing punishment is prescribed, *Miller v. State,* 1 Md. App. 653. A twenty-year sentence has been held not cruel and unusual in *Roberts v. Warden,* 242 Md. 459 and *Adair v. State,* 231 Md. 255. Similarly, a ten-year sentence was held not violative of constitutional protections against cruel and unusual punishment in *Austin v. Director,* 237 Md. 314 and *Gleaton v. State,* 235 Md. 271."

The appellant argues that all he did was engage a young lady in conversation on a main street in Chestertown about 6:15 P.M. on a summer evening, walk her home with her dog, and kiss her on the cheek. But the evidence was clear that an assault and battery was committed by the appellant and was sufficient for the trial court to find that his actions were not as harmless as he would now have them appear. The young lady, 20 years of age and married, was walking her dog about 6:15 P.M. when the appellant stopped her. "At first I didn't think anything about it, but as he got closer to me I could tell he was quite intoxicated, and he kept telling about his work experiences and everything, and he kept petting the dog and rolling him down on the pavement, and he just wouldn't let me go, kept talking to me and things like that, and finally he got the dog away from me and said he wanted to walk home. * * * He

was asking questions about where I worked and where my husband worked and what time he got home, and things like that and, well, he was wanting to take the dog down to the river too because he said he had three Labradors of his own and they needed a lot of water, and he kept wanting to know what time my husband got home from work. Well, at that time my husband was working the night shift. He works out at Eastern Business Forms, and he wanted to know where I lived, and I wouldn't say where, so when he got the dog away from me he walked me home. * * * He took him by the leash and I tried to get him a couple of times but he just wouldn't let me have him, and when we got home he insisted that I chain him up to the dog house, and when we got half way to the house, he asked for a dollar and, as I said before, I would have given him a thousand dollars if I had had it. * * * Because I was petrified. I was just scared to death, and then just as we were standing on the back porch of my house he grabbed hold of me and said, "Now how about giving me a big kiss," and he grabbed me and kissed me on the cheek." She said that even with people on the street she was scared. "[H]ow was I supposed to know what he was going to do? He was very intoxicated and I am an epileptic so I couldn't let myself go too far." She had never seen him before. The appellant testified that he had come into town that morning. "I had looked around, messed around and done a little shopping and also I done a little drinking too." He remembered seeing the young lady with the dog, talking to her and walking with her but did not recall kissing her. After finding the appellant guilty the court reviewed a pre-sentence investigation of the appellant. It said in imposing sentence, "[T]he Court has had the opportunity to review the pre-sentence investigation submitted to it through the State's Attorney by the parole officer, and notes the total of nineteen incidents of one type or another wherein you have been involved with the law. Having duly considered the evidence in the case, the nature of the assault, your previous record as submitted, it is the judgment and sentence of the Court that you be committed to the custody of the Commissioner of Correction for the period of three years from this date."

We cannot find in the record before us that the sentence was

grossly and inordinately disproportionate to the offense to such an extent that it was dictated, not by a sense of public duty, but by passion, prejudice, ill will or unworthy motive. We hold that the sentence does not violate either the State or Federal Constitutions.

*Judgment affirmed.*