## VIRGINIA JOHNSON *v.* STATE OF MARYLAND

[No. 268, September Term, 1967.]

*Decided June 19, 1968.*

The cause was argued before MURPHY, C. J., and ANDER-SON, MORTON, ORTH, and THOMPSON, JJ.

*J. Hodge Smith* for appellant.

*Fred Oken, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *William A. Linthicum, Jr., State's Attorney for Montgomery County,* on the brief, for appellee.

PER CURIAM.

Virginia Johnson, the appellant, was tried in the Circuit Court for St. Mary's County, Judge Philip H. Dorsey, Jr. presiding

without a jury. By agreement of counsel three separate cases were consolidated and tried together. The indictment in Case No. 2204 charged shoplifting, grand larceny and receiving stolen goods; the indictment in Case No. 2203 charged assault and battery upon Harold A. Treadwell; the indictment in Case No. 2229 charged Virginia Johnson with aiding and abetting John David Hines to commit a crime of assault with intent to murder Harold A. Treadwell. Johnson pled guilty to the first count of the indictment in Case No. 2204 (shoplifting); she was found guilty of assault and battery in Case No. 2203, and was found not guilty of aiding and abetting assault with intent to murder in Case No. 2229.[1] In Case No. 2204 (shoplifting) Johnson was sentenced to imprisonment for the term of ten years which was later reduced to three years under a motion to correct the illegal sentence. In Case No. 2203 she was sentenced to five years consecutive to the sentence in Case No. 2204. On appeal Johnson contends that there was an insufficiency of the evidence to support the conviction for assault and battery and that the sentence for this crime was unlawful.[2]

The evidence for the State showed that Detective Lieutenant Harold Treadwell, of the Montgomery County Police Department detected Johnson and a companion in the act of shoplifting in the Sears Roebuck store in Silver Spring, Maryland, about 2:40 P.M. on March 18, 1967. They fled from the store and were pursued by the detective, who was in plain clothes. A car was waiting for them on the parking lot with a man behind the wheel. Johnson entered the front seat, her companion the rear. As the detective came up, the car started up quickly and

---

1. The briefs indicate that she was also charged with assault and battery in Case No. 2229. The indictment shows to the contrary. She was charged with aiding and abetting John David Hines to commit assault with intent to murder Harold A. Treadwell in the first count of that indictment; in the second count John David Hines was charged with assault and battery but Johnson was not mentioned.

2. Much of the written and oral argument concerned an apparent inconsistency in the verdicts because of the judgment of acquittal in No. 2229 which was thought to include a count for simple assault and battery. In view of the information set out in note 1 we need not consider this contention.

knocked him down. Treadwell managed to open the car door, but the car was rapidly maneuvered back and forth and he was again knocked to the ground. The driver then ran into a sign, backed off, and again struck the detective. As the opportunity presented itself Johnson struck at the officer with her handbag and continued to scream, "Kill the bastard, kill the bastard."

The trio managed to escape from the parking lot and were apprehended about two miles from the store. Treadwell, arriving promptly at the scene of the arrest, observed on the car seat the stolen merchandise which consisted of dresses, suit combinations, and mens' suits, with a total value of $222. Johnson was brought to the Silver Spring Detective Bureau. When two uniformed policewomen were detailed to search her, she became violent and kicked Lieutenant Treadwell in the groin. Two police officers testified that she appeared to be under the influence of narcotics.

Johnson took the witness stand, admitted the theft, denied knowing that Treadwell was a detective, and claimed that she slammed the door and shouted at the driver to take off because she saw that Treadwell had a gun and that she thought he was going to shoot. She said that she resisted the police at the police station because they were trying to examine her arms and in the scuffle she kicked Treadwell unintentionally and without realizing that she had done so. She also admitted an extensive criminal record.

Since there was no obligation on the trial court to accept the testimony of the accused, *Tillery v. State,* 3 Md. App. 142, 238 A. 2d 125, *Trout v. State,* 3 Md. App. 259, 238 A. 2d 281, there is clearly no question but that there was sufficient evidence to support the conviction for assault and battery.

The contention concerning the illegality of the sentence on the conviction for assault causes no more difficulty. There is no statutory limit on a sentence for this crime. *Miller v. State,* 1 Md. App. 653, 232 A. 2d 548, *Gee v. State,* 2 Md. App. 61, 233 A. 2d 336, *Allen v. State,* 2 Md. App. 740, 237 A. 2d 90. Sentences substantially in excess of five years have been approved by the Court of Appeals in several cases. *Roberts v. Warden,* 242 Md. 459, 219 A. 2d 254, *Adair v. State,* 231 Md. 255, 189 A. 2d 618 approved 20 year sentences for this crime,

*Austin v. Director,* 237 Md. 314, 206 A. 2d 145, *Gleaton v. State,* 235 Md. 271, 201 A. 2d 353, *Hobbs v. Warden,* 223 Md. 651, 163 A. 2d 331 all approved sentences of ten years for simple assault. The long criminal record admitted by Johnson would justify the sentence in this case and show that it was not dictated by passion, prejudice, ill-will or other unworthy motive. See *Johnson v. State,* 2 Md. App. 235, 234 A. 2d 167, *Washington v. State,* 2 Md. App. 633, 236 A. 2d 32, *Fisher v. State,* 1 Md. App. 505, 231 A. 2d 720.

*Judgments affirmed.*