**UNITED STATES of America**

v.

**Clinton FRAZIER–EL.**

**No. CRIM. WMN–96–0469.**

United States District Court,
D. Maryland.

June 12, 1998.

Lynne A. Battaglia, U.S. Atty., Baltimore, MD, for Dist. of Maryland, Tarra DeShields, Asst. U.S. Atty., Baltimore, MD, for government.

James W. Wyda, Acting Federal Public Defender for Dist. of Maryland, Jeffrey E. Risberg, Asst. Federal Public Defender, Baltimore, MD, for Clinton Frazier–el.

### SENTENCING MEMORANDUM AND ORDER

MALETZ, Senior Judge.[1]

A jury convicted Clinton Frazier-el of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g). He is now before the court for sentencing.

### I. Sentence Enhancement under 18 U.S.C. § 924(e)

#### A.

The government seeks sentence enhancement under § 924(e). That section requires a fifteen-year minimum term of imprisonment for a defendant convicted for violating § 922(g) with "three previous convictions ... for violent felon[ies]." § 924(e)(1). "Violent felony" is defined as:

any crime punishable by imprisonment for a term exceeding one year ... that—

(i) has as an element the use,. attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. § 924(e)(2)(B).

Frazier-el has three relevant convictions. The first conviction, in 1984, was for violation of Maryland Article 27, § 36(a), which prohibits wearing or carrying a dangerous weapon "concealed on or about [the] person," as well as "wear[ing] or carry[ing] any such weapon ... openly with the intent or purpose of injuring any person in any unlawful manner." His remaining two convictions, in 1989 and 1994, were for the Maryland common law crime of assault. He challenges all three convictions as predicate offenses within the meaning of § 924(e).

#### 1.

Frazier-el first contends that his 1984 conviction under Maryland Article 27, § 36(a) is not a "violent felony" under § 924(e). To determine whether a prior conviction is a "violent felony," the court must use a categorical approach, relying only on (1) the fact of conviction and (2) the definition of the prior crime. See Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990).

Frazier-el argues that a conviction under Maryland Article 27, § 36(a) is not "categorically" a "violent felony" within the meaning of § 924(e)(2)(B)(ii) because the Maryland statute prohibits not only "openly carrying a dangerous weapon with the intent of injuring any person," but also "carrying a dangerous weapon concealed on or about [the] person." According to Frazier-el, "carrying a dangerous weapon concealed on or about [the] person," does not involve "conduct that presents a serious potential risk of physical injury to another," and therefore is not a "violent felony" within the meaning of § 924(e)(2)(B)(ii).

The two circuits that have addressed this contention are in disagreement. Thus, the Eleventh Circuit has held that "carrying a concealed weapon" is conduct that poses a "serious potential risk of physical injury to another." See United States v. Hall, 77 F.3d 398, 401 (11th Cir.1996), cert. denied, —— U.S. ——, 117 S.Ct. 139, 136 L.Ed.2d 86 (1996). The Eighth Circuit has held to the

[1]. Of the United States Court of International Trade, sitting by designation.

contrary. *See United States v. Whitfield,* 907 F.2d 798 (8th Cir.1990) (carrying a concealed weapon in violation of a Missouri statute is not a "violent felony" under § 924(e)(B)(2)(ii)).

However, this court need not decide whether "carrying a dangerous weapon concealed on or about [the] person" involves "conduct that presents a serious potential risk of physical injury to another," for a certified record of the conviction attests that Frazier-el was convicted for violating Maryland Article 27, § 36(a) by "openly carrying a deadly weapon with the intent of injuring any person." (It reads: "Deadly Weapon–Int/Injure".)

Thus, the question presented is whether or not "openly carrying a deadly weapon with the intent of injuring any person," considered categorically, involves "conduct that presents a serious potential risk of physical injury to another."

Frazier-el argues that because the statutory definition of the crime does not require that the "intent to injure" be aimed at a particular person, a conviction for "openly carrying a dangerous weapon with the intent of injuring any person," by its nature, does not involve "conduct that presents a serious potential risk of physical injury to another person." In support of his argument, he cites the type of cases which hold that other crimes are "violent felonies" under § 924(e)(2)(B)(ii). *See, e.g., United States v. Hairston,* 71 F.3d 115 (4th Cir.1995) ("escape"), *cert. denied,* 517 U.S. 1200, 116 S.Ct. 1699, 134 L.Ed.2d 798 (1996); *United States v. Mobley,* 40 F.3d 688 (4th Cir.1994) ("pickpocketing"), *cert. denied,* 514 U.S. 1129, 115 S.Ct. 2005, 131 L.Ed.2d 1005 (1995). He attempts to distinguish his case from those cases, pointing out, for example, that unlike "pickpocketing", which requires some degree of force, "openly carrying a dangerous weapon with the intent of injuring any person" requires neither force, nor the actual presence of a victim. And unlike "escape", it "includes no such 'supercharged' situation, where law enforcement officials are charged with preventing the flight of a prisoner, at all costs."

The problem with this argument is that the text of § 924(e)(2)(B)(ii) says nothing about requiring that the prior crime have as an element "some degree of force," "the actual presence of another person," or an "identifiable" victim. Rather, the language focuses on the "potential" for risk of injury, by including crimes "otherwise involv[ing] conduct that presents a serious potential risk of physical injury to another."

Unlike "escape" or "pickpocketing", which may lead to violence or injury, the risk of injury from "openly carrying a dangerous weapon with the intent of injuring any person" is not incidental, for an intent to use the weapon in a violent manner is a required element of the offense. *See* Md.Code Ann. art. 27, § 36(a) (the government must prove not only "carrying of a dangerous weapon," but also "intent or purpose of injuring any person in any unlawful manner"). *Cf. United States v. Canon,* 993 F.2d 1439, 1441 (9th Cir.1993) ("Because possession of a sap (i.e., a blackjack) is 'presumptive evidence of unlawful violent intentions' and necessarily entails a 'serious potential risk of physical injury to another,' this felony conviction also qualifies" as a "violent felony").

■ Consequently, the court concludes that Frazier-el's conviction under Maryland Article 27, § 36(a) for "openly carrying a dangerous weapon with the intent of injuring any person" poses "a serious potential risk of physical injury to another person," and therefore qualifies as a "violent felony" for purposes of § 924(e).

Frazier-el also contends that his 1984 conviction should not be counted as a "felony" under § 924(e)(2) because the State of Maryland classifies the crime of "openly carrying a dangerous weapon with the intent of injuring any person" as a misdemeanor and because he received a sentence of 89 days imprisonment, all of which was suspended.

■ A "felony" is defined as "any crime punishable by imprisonment for a term exceeding one year." § 924(e)(2)(B). The term "crime punishable by imprisonment for a term exceeding one year" does not include "any State offense classified by the laws of the State as a misdemeanor and punishable

by a term of imprisonment of two years or less." § 921(a)(20). Although the 1984 offense is classified under Maryland law as a misdemeanor, the maximum penalty is three years. Therefore, under the plain language of § 921(a)(20), Frazier-el's conviction was not a "misdemeanor punishable by a term of imprisonment for two years or less."

*United States v. Schultheis*, 486 F.2d 1331 (4th Cir.1973) is quite distinguishable. Schultheis, for his role in a fistfight, was convicted for common law assault, for which he received a 90–day suspended sentence, a $25 fine, and two years of unsupervised probation. The court held that "[c]onsidering the nature of the assault and the minimal punishment imposed," Schultheis's conviction was not a "felony" within the meaning of the federal statute. *Schultheis*, 486 F.2d at 1335. In a footnote, the court stated: "Our opinion, of course, is not to be read as precedent that the punishment imposed be utilized as the criterion for the classification of crimes that do not have the peculiar characteristics of Maryland's common law simple assault." *Id.* at 1335 n. 2.

In view of the limiting language in the court's opinion, coupled with the violent character of a conviction under Maryland Article 27, § 36(a) for "openly carrying a dangerous weapon with the intent of injuring any person," the court declines to extend *Schultheis* to this case.

### 2.

Frazier-el concedes that his 1989 conviction in Maryland state court for common law assault qualifies as a "violent felony" within the meaning of 18 U.S.C. § 924(e)(2)(B)(i). (Frazier-el pointed a loaded shotgun at the victim.) He argues, rather, that this conviction should not count for enhancement purposes because it was not for a "felony" as defined under § 924(e)(2). Analogizing, once again, to *Schultheis*, he argues that because Maryland law classifies the common law crime of assault as a misdemeanor and because he received a sentence of 18 months, all of which was suspended, his conviction should be considered a "misdemeanor" under 18 U.S.C. § 921(a)(20).

■ The court disagrees. Punishment in Maryland for the common law misdemeanor of assault is limited only by the constitutional prohibition against cruel and unusual punishment. *See, e.g., Gleaton v. State*, 235 Md. 271, 277, 201 A.2d 353, 356 (1964). Therefore, under the plain language of § 921(a)(20), Frazier-el's 1989 conviction for common law assault was not a "misdemeanor punishable by a term of imprisonment of two years or less." *See, e.g., United States v. Hassan El*, 5 F.3d 726, 732–34 (4th Cir.1993), *cert. denied*, 511 U.S. 1006, 114 S.Ct. 1374, 128 L.Ed.2d 50 (1994).

Frazier-el's suggestion that his case is analogous to *Schultheis* is unavailing; pointing a loaded shotgun at another person is hardly "trivial."

### 3.

Frazier-el further contends that his 1994 Maryland conviction for common law assault—for which he received a five year sentence, four years and 9 months of which was suspended—should not count for enhancement purposes because a conviction for common law assault, considered categorically, is not a "violent felony" within the meaning of § 924(e)(2)(B)(i), for one may commit it by both violent and nonviolent means.

■ The categorical approach, however, permits a court to look beyond the definition of the prior crime if that definition is ambiguous and will not necessarily provide an answer to whether or not the defendant's prior conviction was for a "violent felony" as defined under § 924(e). *See Taylor*, 495 U.S. at 602. *Cf. United States v. Kirksey*, 138 F.3d 120, 124 (4th Cir.1998).

The presentence report contains a description of the conduct for which Frazier-el was convicted, and that conduct—Frazier-el threatened a police officer with a knife—is manifestly a "violent felony" within the meaning of § 924(e)(2)(B)(i).

■ The court, therefore, concludes that Frazier-el's 1994 conviction for common law assault qualifies as a predicate conviction under § 924(e).[2]

---

2. Frazier-el has not challenged the presentence report's description of his conduct, nor has he

### B.

For the reasons stated, the court holds that Frazier-el has sustained three previous convictions for a "violent felony," and therefore is subject to an enhanced sentence under 18 U.S.C. § 924(e).

### II. Guideline Application

■ Under the guidelines, "[a] defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal." U.S.S.G. § 4B1.4(a). Frazier-el's offense level is 33. *See* U.S.S.G. § 4B1.4(b)(3)(B). The probation officer recommends a two-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. The court finds, however, that a downward adjustment is not warranted, for Frazier-el put the government to its burden of proof at trial by challenging each essential factual element of guilt. His admission to the probation officer that he "purchased a shotgun and ammunition because he felt his life was in danger" does not amount to an acceptance of responsibility for his criminal conduct. *See* U.S.S.G. § 3E1.1, comment. (n.2). *Cf. United States v. Strandquist*, 993 F.2d 395, 401 (4th Cir.1993) (partial admission of acts constituting crime, without admission of crime itself, is not acceptance of responsibility). There are no appropriate adjustments to the offense level. Therefore, his offense level is 33. His criminal history category is IV, *see* U.S.S.G. § 4B1.4(c)(3), yielding guideline range of 188 to 235 months.[3]

### III. Departure under U.S.S.G. § 5K2.13

Frazier-el seeks a downward departure from the guideline range on the ground of "diminished capacity" under U.S.S.G. § 5K2.13. Although a defendant's mental or emotional condition is "not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range," *see* U.S.S.G. § 5H1.3, under U.S.S.G. § 5K2.13,

> [i]f the defendant committed a non-violent offense while suffering from significantly reduced mental capacity not resulting from voluntary use of drugs or other intoxicants, a lower sentence may be warranted to reflect the extent to which reduced mental capacity contributed to the commission of the offense, provided that the defendant's criminal history does not indicate a need for incarceration to protect the public.

■ A defendant thus is eligible for a departure if he committed his offense "while suffering from significantly reduced mental capacity." U.S.S.G. § 5K2.13. The "significantly reduced mental capacity" must "contribute" to the commission of the offense. *Id. See, e.g., United States v. Withers*, 100 F.3d 1142, 1148 (4th Cir.1996) ("[a] defendant must also demonstrate that his or her 'significantly reduced mental capacity' bears a causal relationship to the crime"), *cert. denied,* —— U.S. ——, 117 S.Ct. 1282, 137 L.Ed.2d 358 (1997); *United States v. Glick*, 946 F.2d 335, 339 (4th Cir.1991) ("Diminished capacity need not be the sole cause of the offense to justify a departure, but should 'comprise[ ] a contributing factor in the commission of the offense.' ").

■ While it is true that the offense of conviction is non-violent and that Frazier-el was diagnosed, in March 1997, as suffering from "Schizophrenia, Paranoid Type," *see* Report of Dr. Neil Blumberg, nothing in the record supports a conclusion that Frazier-el suffered from reduced mental capacity at the

---

argued that the court may not look to the presentence report in determining the nature of his previous conviction. The Fourth Circuit has not decided whether a sentencing court may rely on a presentence report's description of the predicate offense, when the reliability of that description is in issue. Other courts of appeals, however, have held that a sentencing court may examine readily available court documents, including presentence reports and plea transcripts. *See, e.g., United States v. Hill*, 131 F.3d 1056, 1064–65 (D.C.Cir.1997); *United States v. Adams*, 91 F.3d 114, 115 (11th Cir.1996), *cert.* ·

denied, —— U.S. ——, 117 S.Ct. 623, 136 L.Ed.2d 546 (1996).

3. If Frazier-el were not an "armed career criminal," his offense level would be 24 under U.S.S.G. § 2K2.1(a)(2), assuming his two Maryland convictions for common law assault are "prior felony convictions" for a "crime of violence" as defined in U.S.S.G. § 4B1.2. He has four criminal history points, placing him in criminal history category III. Therefore, his guideline range would be between 63–78 months.

time he committed the offense. Nor do the psychiatric reports attribute any causative connection between the disorder diagnosed and the offense of which Frazier-el was convicted. The only evidence in the record that Frazier-el's reduced mental capacity contributed to the commission of the crime is his own assertion that "it is obvious that his judgment, compounded by his history of mental health problems, was clouded when he chose to purchase a shotgun for his personal protection." *See* Defendant's Objections to the Presentence Report. This showing is not sufficient. Therefore, because the record does not support a finding that Frazier-el suffered from significantly reduced mental capacity that "contributed" to his offense, the court concludes that a diminished capacity departure is not warranted.

### IV. Conclusion

The court will impose a sentence of 188 months of imprisonment; a three year term of supervised release; and the mandatory $100 special assessment. In view of the lengthy prison term, no fine will be imposed. In the court's view, this is an extremely harsh, if not unconscionable, sentence, considering (1) that Frazier-el served only 90 days in prison for all three predicate convictions; (2) that his first predicate conviction occurred some 14 years ago, for which an 89-day prison sentence was suspended; and (3) that the firearm he possessed was purchased openly in his name from a well-known department store. Withal, the role of the court is to apply the statute, and the plain language of the statute, 18 U.S.C. § 924(e), mandating a minimum term of imprisonment of 15 years in this case, leaves no discretion to the court.