Robert **ROBERTS**

v.

Vernon L. **PEPPERSACK,** Warden
Maryland Penitentiary.

**Civ. A. No. 10479.**

United States District Court
D. Maryland.

June 3, 1960.

CHESNUT, District Judge,

The petitioner, Robert Roberts, now a Maryland State prisoner, has made this second application for the issuance of the writ of habeas corpus to inquire into the legality of his confinement under sentence by Judge Joseph L. Carter, presiding in the Criminal Court of Baltimore on March 3, 1953. After consideration of his first petition filed April 8, 1958, the issuance of the writ was denied for the reasons stated in a memorandum opinion. This memorandum contained a statement of the petitioner's case and the successive actions of the Maryland Courts thereon up to that time. That memorandum should be read for an understanding of what now follows.

It now further appears that on March 3, 1957 the petitioner wrote a letter to Judge Carter praying a re-consideration and correction of the consecutive sentences of twenty years each for simple assault on two persons who were police officers of Baltimore City. On March 8, 1957 Judge Carter replied to that letter (later treated by the Maryland Court of Appeals as a motion to correct an illegal sentence) in effect denying the relief sought. The defendant (now the petitioner here) did not take an appeal from that action by Judge Carter as previously indicated he could properly do in the opinion of Judge Hammond of the Maryland Court of Appeals reported in 1955, 206 Md. 246, 255, 111 A.2d 597. Instead, on March 29, 1957 he filed another application for habeas corpus before Judge Byrnes, Associate Judge of the Supreme Bench of Baltimore. On the denial of this, Roberts sought leave to appeal to the Maryland Court of Appeals where his petition was denied in an opinion for the Court by Chief Judge Brune, reported in 214 Md. 611, 135 A.2d 446, and where it was noted that Roberts had failed to appeal from the refusal of Judge Carter to correct the sentence. As heretofore mentioned, Roberts then sought certiorari from the Supreme Court which was denied, 355 U.S. 966, 78 S.Ct. 556, 2 L.Ed.2d 540.

On April 14, 1958 Roberts filed another petition with Judge Carter for correction of the sentence but before any action was taken thereon he, on September 8, 1958, filed a proceeding before Judge Allen, Associate Judge of the Supreme Bench of Baltimore, under the Maryland Post Conviction Statute of 1958 (Art. 27, § 645A et seq., Md.Code of 1957). His main contention there, as in prior proceedings above mentioned, was that the forty year sentence for two cases of simple assault was illegal; but after hearing the case Judge Allen dismissed the petition on the ground that Roberts' contention then made had been previously noted and considered by the Court of Appeals of Maryland and that though his contention as to the illegality of the sentence could be considered under the Post Conviction Statute, nevertheless he had waived it by his failure to appeal from the adverse ruling of Judge Carter. And on further appeal the Maryland Court of Appeals in an opinion by Judge Prescott, affirmed the order of Judge Allen on that ground. 1959, 221 Md. 576, 155 A.2d 891. From this last adverse decision Roberts applied to the Supreme Court of the United States for certiorari which was denied April 18, 1960, 362 U.S. 953, 80 S.Ct. 866, 4 L.Ed.2d 871. It thus appears that the main contention of the petitioner here that he is presently entitled to relief from further imprisonment on account of the forty year sentence, has been considered and rejected on three separate occasions by three Associate Judges of the Supreme Bench of Baltimore and their action has been affirmed on three separate

appeals, or permission for leave to appeal, by the Maryland Court of Appeals; and in addition two separate petitions to the Supreme Court of the United States for certiorari have been denied. If we assume that the petitioner has now exhausted his remedies under the Maryland law, nevertheless I conclude that his present second application for the issuance of the writ of habeas corpus by this court should be and is hereby *denied*.

After careful consideration of the three opinions of the Maryland Court of Appeals, I find myself in agreement therewith for the reasons respectively stated in the several opinions, all of which are also in accordance with my own understanding of the Maryland procedure and substantive law. See Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469.

■■■ Again the petitioner's main contention here is that the forty year sentence was illegal; but it is, of course, importantly to be noted that in this federal court that contention cannot prevail in a proceeding for the petitioner's release by habeas corpus unless it can be shown that his Maryland trial and sentence was contrary to federal constitutional law, or more particularly, without due process of law. To that end, one reason urged by the petitioner is that in his trial before Judge Carter, the attorney of his own selection exceeded and abused his authority to speak for him by entering on his behalf and in his presence (and indeed without any objection by him at the time) pleas of guilty to the several indictments. I deem it unnecessary to further consider and discuss this contention which I think has been so clearly and completely answered in the opinion of Judge Hammond in 206 Md. 246, 111 A.2d 597.

■■■ Another complaint now made by the petitioner in his very lengthy brief filed in support of his petition here, is that if the docket entries show, as stated in the opinion of the Court of Appeals in 221 Md. 576, 155 A.2d 891, that he pleaded guilty particularly to the two cases of simple assault rather than to the whole of the three counts of each of the two indictments charging in the first count assault with intent to murder, and in the second count simple assault and in the third count assault on a police officer treated, however, only as a simple assault and battery, the docket entries must have been altered by connivance or collusion of the Judge with defense counsel. I think it quite unnecessary for this federal court to discuss that contention in this proceeding here because it appears from the opinion of Judge Hammond, supra, that the Court had before it a transcript of the record and, as appears from Judge Prescott's opinion in 155 A.2d 891, the docket entries showed a plea of guilty to the two charges of simple assault. It would not be appropriate for this federal court to undertake to alter or change the docket entries in a case where they have been considered as proper by the Maryland Court of Appeals, at least unless there were other other specific factual charges to implement and tending to support such a charge, which are not present here.

■■■ Another complaint now made by the petitioner is that the Maryland Court of Appeals has arbitrarily evaded responsibility for deciding petitioner's contention several times presented to it that the sentence was illegal. An analysis of the opinion of Judge Hammond shows quite clearly that as the case was then presented to the Court it was not necessary to categorically rule on the contention because it was at least premature. And in Judge Brune's opinion, supra, the Court declined to review the adverse decision in habeas corpus by Judge Byrnes because the petitioner had ignored the plain direction given in Judge Hammond's opinion as to his proper procedure if he wished to challenge the legality of the sentence; and in Judge Prescott's opinion in 155 A.2d 891, Judge Allen's opinion dismissing the Post Conviction complaint was sustained because the petitioner's

right to further question the legality of the sentence had been waived by his failure to appeal from the adverse ruling of Judge Carter when the latter in 1957 refused to correct the sentence. If, as the petitioner contends, the Maryland Court of Appeals has not expressly decided the question as to the legality of the sentence, I think it unnecessary for this Court in this case to say whether the petitioner may still have a further remedy under Maryland law to question the sentence.

■ The fundamental contention of the petitioner that the twenty year sentences imposed consecutively in two separate simple assault cases constitutes cruel and unusual punishment under both the Maryland and Federal Constitutions has been clearly discussed though not specifically decided in Judge Hammond's opinion; but the question here in this federal court is to be considered under the Maryland criminal law. Maryland is a so-called common law State and, as pointed out in Judge Hammond's opinion and is generally well known in Maryland law, there is no prescribed statutory provision with regard to the extent of fine or fine and imprisonment for cases of assault and battery. In practice, punishment in such cases is necessarily left to the judicial discretion of the trial Judge, dependent upon the facts and circumstances of each particular case. At most it must be admitted that only very unusual circumstances would justify such a length of imprisonment in cases of assault and battery; but on the facts of the petition here presented and in the absence of hearing the particular facts and circumstances of the case, it is not proper for this federal court to assume that the sentence was so severe as to constitute cruel and unusual punishment under Maryland criminal law. And it will appear from Judge Hammond's opinion that the Court had before it a transcript of the record of the case including, I assume, what the facts and circumstances were; and I assume further that this transcript was also known to or available to the Court of Appeals in the two subsequent cases.

With respect to what those circumstances were, we have some account of them in Judge Hammond's opinion, and further light by inference at least, is thrown upon the matter by a statement of facts made by the petitioner himself accompanying his present petition. From that it appears that in substance what happened was this: Two police officers in a police car, acting on information or suspicion, were following a car driven by the defendant who parked his car and proceeded to go into the vestibule of a nearby house. On his return to the car he was questioned by the police officers with respect to whether he had a driver's license. Not having it with him, they arrested him (as they had the right to do under the Maryland law for the offense of driving a car without a license) and told him to get into the police car. In doing so a bullet from a pistol which the defendant was carrying, was discharged into the shoulder of one of the officers and in getting into the back of the police car the defendant hit the police officer driver on the back of the head with the butt of his pistol. In the defendant's statement of facts presented here he explains and excuses what happened on the ground that, knowing he was carrying a pistol and that he was being followed by the police officers, he got out of his car looking for an opportunity to throw away the pistol, and being unsuccessful in finding a place, when he returned to his car carrying the pistol partially concealed in the sleeve of his coat, it was accidentally discharged while he was getting into the police car and that fearing the officers who were endeavoring to draw their pistols, would shoot him, he was acting in self defense in hitting the driver police officer on the head with his pistol. It is inferable from the whole case that the car which the defendant was driving was the car involved in the charge of theft. It is at least entirely inferable from all these

circumstances which presumably were brought before the trial judge, the latter may have reasonably concluded that the defendant's conduct constituted a highly outrageous attempt to seriously wound the police officers in the discharge of their duty. Therefore, in the light of what appears in this petition and what appears in the opinions of the Maryland Court of Appeals, I would not feel justified in deciding on a petition for release of the defendant on habeas corpus that the sentence imposed was necessarily cruel and unusual punishment as a matter of law.

■ There is still another reason why this petition for habeas corpus must presently be dismissed. Even if I could determine that the forty year sentence was illegal, the present application for release is still premature as it was at the time of the petitioner's first appeal to the Maryland Court of Appeals. His plausible argument there, as clearly pointed out by Judge Hammond, was to the effect that a twenty year sentence for simple assault (where the amount of imprisonment is not fixed by Maryland statute) is illegal because it is at least overshadowed by the Maryland maximum punishment for assault with intent to murder, which is only fifteen years. Assuming that the sentence of twenty years was incorrect because in excess of fifteen years authorized for the more particular aggravated assault punishable by only fifteen years, the result would be that the correction of the sentence would be a reduction from twenty years to fifteen years. As the first sentence in order of rendition was for two years for rogue and vagabond (as authorized by the Maryland statute, Art. 27, § 490) the full sentence for simple assault on one of the police officers, corrected to fifteen years, would aggregate at least a legal sentence of seventeen years accounting from 1953, or, as explained by Judge Hammond, as the first sentence of two years was good and the second sentence for simple assault might be reduced to ten years, still the defendant would not be entitled to relief on the ground of a longer punishment until about 1965. Therefore it follows that the petitioner's present application for relief is at least premature.

For these reasons this second application for the issuance of the writ is hereby *dismissed* this 3rd day of June, 1960. The Clerk is instructed to send a copy of this opinion to the petitioner.

On Application for Certificate of Probable Cause.

Robert Roberts has filed with the Clerk of this Court a notice of appeal from my order and memorandum opinion dated June 3, 1960 denying his petition for the issuance of a writ of habeas corpus. He applies for leave to file the appeal in forma pauperis. This is hereby *granted*.

The petitioner also asks that I issue a certificate of probable cause in accordance with 28 U.S.C.A. § 2253. For the reasons stated in the memorandum opinion accompanying the order denying the suit, I do not think there is probable cause for the appeal and therefore decline to give the certificate; but I think this particular habeas corpus is somewhat different in nature from many others in which I have not given such a certificate, and therefore I have, at considerable length, explained the nature of the case and the reasons for denying the writ in the memorandum opinion. The statute also provides that the certificate may be given by a Circuit Judge or Justice and I hope the somewhat lengthy review of the case in my memorandum opinion will be sufficient for at least a preliminary view of the case to enable the Court of Appeals to determine whether the case should be reviewed on the basis of the existence of probable cause.

The Clerk is instructed to send a copy of this memorandum to the petitioner.