**Robert ROBERTS, Appellant,**

v.

**Vernon L. PEPERSACK, Warden, Mary-land Penitentiary, Appellee.**
**No. 8162.**

United States Court of Appeals
Fourth Circuit.

Argued Nov. 14, 1960.

Decided Dec. 17, 1960.

Douglas R. Due, Baltimore, Md. (Court-assigned counsel), for appellant.

James H. Norris, Jr., Special Asst. Atty. Gen., of Maryland (C. Ferdinand Sybert, Atty. Gen., of Maryland, on brief), for appellee.

Before SOBELOFF, Chief Judge, HAYNSWORTH, Circuit Judge, and HARRY E. WATKINS, District Judge.

HARRY E. WATKINS, District Judge.

This is an appeal from an order denying a petition for a writ of habeas corpus filed by Robert Roberts, now a Maryland State prisoner. The District Court also denied the certificate of probable cause, required as a prerequisite for appeal under 28 U.S.C.A. § 2253, but allowed the petitioner to appeal in forma pauperis. Counsel was appointed for him in this court. Briefs were filed and oral arguments were heard.

Treating the papers transmitted by the District Court as embodying an application for a certificate of probable cause, the record shows no basis for granting a certificate of probable cause.

On March 3, 1953, appellant was sentenced in the Criminal Court of Baltimore City on five separate offenses to run consecutively for a total of fifty-four years. He was given two years for being a rogue and vagabond, twenty years on each of two charges of simple assault, two years for possession of a deadly weapon, and ten years for theft of an automobile.

From the record it appears that the simple assault charges related to assault upon two police officers when they arrested appellant on a traffic charge and told him to get into a police car. In doing so a bullet from a pistol which the defendant was carrying was discharged into the shoulder of one of the officers. When the appellant got into the back seat of the police car, appellant hit the police officer who was driving the car on the back of the head with the butt of his pistol. Appellant contends that his gun was accidentally discharged, and that fearing the officers, who were endeavoring to draw their pistols, would shoot him, he was acting in self-defense in hitting the other police officer, who was driving the car, on the head with his pistol.

Appellant's main contention here is that he is entitled to relief from further imprisonment because of the forty-year sentence for two cases of simple assault. This same contention of appellant has been considered and rejected on three separate occasions by three Associate Judges of the Supreme Bench of Baltimore, and upon appeal by appellant, or permission for leave to appeal, their action has been affirmed on three separate occasions by the Maryland Court of Appeals. In addition thereto, two separate petitions to the Supreme Court of the United States for certiorari have been denied.

Maryland is a so-called common law state. There is no prescribed statutory provision with regard to fine or imprisonment for cases of assault and battery. Punishment in such cases is left to the judicial discretion of the trial judge dependent upon the facts and circumstances of the particular case. Appellant contends that a twenty-year sentence for simple assault is illegal and amounts to cruel and unusual punishment because it is overshadowed by the Maryland maximum punishment for assault with intent to murder, which is only fifteen years. If the sentence of twenty years was incorrect because in excess or fifteen years authorized for the more aggravated assault, then a correction of the sentence would be to reduce the sentence from twenty years to fifteen years. Since a two-year sentence was imposed for rogue and vagabond (authorized by Maryland Statute, Art. 27, Section 490), the twenty-year sentence for assault on one police officer, corrected to fifteen years, would aggregate at least a legal sentence of seventeen years to begin in 1953. This same point was raised by appellant in the state court and, when the case reached the Maryland Court of Appeals, Judge Hammond stated in Roberts

v. Warden, 206 Md. 246, at page 255, 111 A.2d 597, at page 601:

"In the case before us, the appellant was first sentenced to two years for being a rogue and vagabond. That sentence will not expire until March, 1955. He was next sentenced to twenty years for assault. He concedes that at least ten years of the second sentence can legally be imposed. The appellant would, therefore, be in legal confinement until 1965 and his application for the writ must be dismissed as premature."

Judge Hammond went on to say that in no event could the excessiveness of the sentences be considered on habeas corpus until appellant has served so much of the sentence as was within the power of the court to impose. The Court of Appeals refused to consider the substantive matter on habeas corpus, and went on to state that its decision did not cut off all avenues of relief to appellant, but that he could request the trial court to correct the sentences if they were illegal under Rule 10(a) of the Criminal Rules of Practice and Procedure, now Rule 744a of the Maryland Rules of Procedure, and if the trial court refused to correct an illegal sentence, its refusal would be appealable to the Court of Appeals. On advice of the Court of Appeals, he asked the trial court to correct the sentences, which request was refused. No appeal was filed from this denial. It is quite clear that appellant's present application for a writ of habeas corpus to be released from custody is at least premature.

Other points raised by appellant in this appeal are: (1) that the attorney of his own selection exceeded or abused his authority by entering on his behalf and in his presence (without any objection by him at the time) pleas of guilty to the several indictments; (2) that docket entries must have been altered by connivance or collusion of the Judge with defense counsel; and (3) that the Court of Appeals has arbitrarily evaded responsibility for deciding the legality of his sentence. These and many other points have been raised by appellant and fairly considered and decided by the highest court of the state. See Roberts v. Warden, 206 Md. 246, 111 A.2d 597; Roberts v. Warden, 214 Md. 611, 135 A.2d 446, certiorari denied 355 U.S. 966, 78 S.Ct. 556, 2 L.Ed.2d 540; Roberts v. Warden, 221 Md. 576, 155 A.2d 891, certiorari denied Roberts v. Pepersack, 362 U.S. 953, 80 S.Ct. 866, 4 L.Ed.2d 871. The state court had before it a transcript of the record. There has been a fair and satisfactory consideration of the case. Under all these circumstances, the Federal court need not have a rehearing on the same allegations and facts. Brown v. Allen, 1953, 344 U.S. 443, 465, 73 S.Ct. 397, 97 L.Ed. 469. In denying the writ of habeas corpus in this case and in refusing a certificate of probable cause, Judge Chesnut, of the District Court, has filed an opinion, 190 F.Supp. 578, which is a part of the record in this case. In that opinion Judge Chesnut sets forth in detail the findings of the various state judges who have passed on these contentions.

Upon a review of the entire record, we find no possible merit in this petition for a writ of habeas corpus. The application, from the denial of which this appeal was taken, presents no such unusual circumstances as would have warranted the District Judge in issuing a writ of habeas corpus in this situation. Hobbs v. Swenson, 4 Cir., 1952, 199 F.2d 268. No certificate of probable cause will be issued, and the appeal will be dismissed.

Appeal dismissed.