## BRADSHAW *v.* PORTER

[No. 111, September Term, 1961.]

*Decided December 20, 1961.*

The cause was argued before HAMMOND, PRESCOTT, HOR-NEY, MARBURY and SYBERT, JJ.

*Ralph C. Boyd* for the appellant.

*James L. Wray,* with whom were *McWilliams & Melvin* on the brief, for the appellee.

HAMMOND, J., delivered the opinion of the Court.

This appeal is by Robert Bradshaw, plaintiff below, from a judgment entered on a verdict of a jury for the defendant, Mabel Porter, in an automobile case. The essential issue was whether Mrs. Porter's car came through a stop sign and hit Bradshaw's car on the boulevard or whether Bradshaw turned his car from the boulevard into the unfavored road and hit the Porter car as it stood at the stop sign.

The ground for appeal is that the trial judge erred in refusing to read to the jury two of Bradshaw's instructions which he had granted. The court instructed orally that Bradshaw was on the favored highway and that because of the stop sign

facing her Mrs. Porter had a duty to stop and permit the Bradshaw vehicle to pass, and that if the jury found that she did not yield the right of way and this caused the accident, the verdict should be for Bradshaw. He advised Bradshaw's counsel that he could read to the jury the prayers the court had granted which set out the rules of the boulevard law in greater detail.

Bradshaw says the court's refusal to read the granted prayers was prejudicial error because the reading of them to the jury by counsel would not carry the weight and impressiveness that a reading by the court would. We do not agree that there was error.

In the first place we think the court's oral charge was adequate to present the law controlling the case. In the second place Maryland Rule 554 permits the procedure the trial judge adopted. Paragraph a provides that any party may file written prayers with the court. Paragraph b reads:

"In its instructions to the jury, which may be given either orally or in writing or both, the court, in its discretion:

1. Several Methods.

May instruct the jury upon the law, either by granting requested instructions or by giving instructions of its own on particular issues or on the action as a whole, or by several or all of these methods, but need not grant any requested instruction if the matter is fairly covered by instructions actually given * * *."

The quoted part of the rule is identical with its counterpart in predecessor Rule 6 of the General Rules of Practice and Procedure. Code (1947 Cum. Supp.), p. 2051. The Reporter's notes state, at p. 2081:

"Subsections (a) and (b) (1) are based on existing law and practice but clarify the right to give instructions orally. Written instructions requested by the parties or prepared by the court may still be used, but the court, in its discretion, may give its instructions orally on any issue or on the whole case. While

> this right to instruct orally now exists, expressions in some of the cases tend to discourage its use. In this respect the Rule merely removes any special requirements or restrictions on such oral instructions."

Under the "existing law and practice" counsel often read to the jury instructions granted by the court.

Rule 554 expressly permits the use of written instructions and, although it would seem preferable for the judge either to read the granted prayers as part of the charge or to incorporate their substance in the charge, we find no reversible error in what was done in the present case.

*Judgment affirmed, with costs.*