## ROBERTS *v.* WARDEN OF THE MARYLAND PENITENTIARY

[App. No. 78, September Term, 1965.]

*Decided May 5, 1966.*

Before PRESCOTT, C. J., and HAMMOND, HORNEY, MARBURY, OPPENHEIMER, BARNES and McWILLIAMS, JJ.

MARBURY, J., delivered the opinion of the Court.

We adopt the reasons set forth in the opinion of Judge Jones in the court below denying post conviction relief. However, the

answers to two contentions raised by the petitioner require additional amplification.

The first point needing additional discussion is petitioner's contention that the twenty year consecutive sentences imposed by Judge Carter in the Criminal Court of Baltimore under the second counts of indictments Nos. 506 and 507 (the simple assault counts) are illegal, in that the sentences under these counts could not exceed the statutory maximum of fifteen years for the statutory crime of assault with intent to murder. As pointed out by Judge Jones, this same contention was specifically rejected by this Court in *Roberts v. Warden,* 221 Md. 576, 580, 155 A. 2d 891, because petitioner had failed to appeal the trial court's adverse determination of this matter and thereby the sentence had been finally litigated so as to preclude post conviction relief. In that case we stated that "failure to appeal is a right which the petitioner could, and did, waive. *Jackson v. Warden,* 218 Md. 652, 146 A. 2d 438." But assuming that subsequent decisions by this and federal courts have limited the thrust of waiver, petitioner's contention is without substantive merit because as stated by Judge Horney, speaking for the Court in *Gleaton v. State,* 235 Md. 271, 277, 201 A. 2d 353:

"There is * * * in this State no statutory limitation on the penalty which may be imposed for simple assault, and there was none at common law. *Heath v. State,* 198 Md. 455, 467, 85 A. 2d 43 (1951); *Apple v. State,* 190 Md. 661, 668, 59 A. 2d 509 (1948). Nor do we construe the penal limits imposable for the statutory assaults as implying a legislative policy to confine sentences for common law assault to not more than those prescribed for the statutory assaults. Statutes in derogation of the common law are strictly construed, and it is not to be presumed that the legislature by creating statutory assaults intended to make any alteration in the common law other than what has been specified and plainly pronounced. *Dwarris on Statutes,* 695. The matter of imposing sentences is left to the sound discretion of the trial court, and the only restraint on its power to fix a penalty is the consti-

tutional prohibitions against cruel and unusual penalties and punishment found in Articles 16 and 25 of the Maryland Declaration of Rights." (Citing cases.)

There was no such cruel and unusual punishment here. See opinion by Judge Chesnut in *Roberts v. Pepersack,* 190 F. Supp. 578, 582-83 (D. C. Md., 1960), affirmed 286 F. 2d 635 (C. A. 4th, 1960).

A second point, which was not specifically dealt with in the lower court's opinion, is the petitioner's contention that the Criminal Court of Baltimore was limited to imposing no greater sentence for the simple assault than the maximum one year term then imposable by the City's Magistrate's Court for that offense. Unfortunately for the petitioner, this contention is without substantive merit for the same reasons as those set forth in *Lloyd v. State,* 219 Md. 343, 352-53, 149 A. 2d 369, where a similar argument was raised and specifically rejected by this Court.

*Application denied.*