Robert ROBERTS #2954

v.

George COLLINS, Warden,
Maryland Penitentiary.

Civ. No. B-74-130.

United States District Court,
D. Maryland.

Oct. 6, 1975.

Michael Millemann, Baltimore, Md., for petitioner.

Francis B. Burch, Atty. Gen. of Md., and James G. Klair, Asst. Atty. Gen. of Md., for respondent.

BLAIR, District Judge.

Robert Roberts, presently confined by the State of Maryland under sentences imposed in 1953 totaling 54 years, seeks a writ of habeas corpus. His present application is but the latest chapter in the saga of his skirmishes with the law over approximately 37 years.[1]

The 54-year sentence, which he attacks in part by this application, resulted from his pleas of guilty to two counts of common law simple assault, one count of being a rogue and vagabond, one count of deadly weapon, and one count of larceny. He was sentenced to consecutive terms of imprisonment of 20 years on each assault count and 2 years, 2 years, and 10 years, respectively, on the other counts.

---

[1]. Roberts was 30 years old when he received a 54-year sentence in 1953. Prior to 1953, he was convicted of some 18 to 20 charges in Maryland (by the court's unofficial tally) going back to 1938. As a consequence of these convictions, Roberts served substantial periods of confinement between 1938 and 1953. Several years ago, he gained parole from his 54-year sentence and promptly violated the parole and was recommitted.

Roberts' present petition asserts two grounds for relief. They are: 1) that the consecutive 20-year sentences for two counts of simple assault are violative of his right to be free from cruel and unusual punishment and his right to equal protection of the laws guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution; and 2) that the guilty pleas entered to the two counts of simple assault were not voluntary for the specific reason that the petitioner was never informed and did not otherwise know that he could receive a sentence to imprisonment for as long as 20 years for each of the simple assault counts. The state acknowledges that Roberts has exhausted his available state remedies with respect to the first contention but asserts that he has not exhausted his available state remedies on the second contention. Since the court finds it necessary to address only the first contention, the question of whether the petitioner has exhausted his available state remedies on the second contention is of no matter.

On February 10, 1953, Roberts was indicted by a Maryland grand jury for the five offenses noted above. Of these indictments, only two are of significance here: in each of Nos. 506 and 507, Roberts was charged with counts of (1) assault with intent to murder, (2) simple assault, and (3) assault on a police officer.[2] On March 3, 1953, while represented by privately retained counsel, Roberts changed his earlier entered pleas of not guilty to all charges to pleas of guilty to simple assault in each of Indictments 506 and 507 and guilty to all other charges. The pleas of guilty followed the tender and rejection of pleas of nolo contendere to all charges (Tr. 2–3). The court took testimony from Roberts and other persons in conjunction with both the guilty pleas entered by Roberts and the trial of a codefendant on facts stipulated in part. At the

conclusion of the testimony, the court deferred findings in the codefendant's case but proceeded to sentence Roberts as noted above. (Tr. 71). Since that day in 1953, Roberts has filed numerous petitions in state and federal courts attacking the two 20-year sentences for simple assault. According to the summary prepared by petitioner's attorney and attached to the Amended Habeas Corpus Petition, Roberts has asserted challenges to his sentences in seven state court petitions and in five federal court petitions. Clear rulings on the simple assault sentences came on only two of these petitions. In 1966 the Court of Appeals of Maryland held that Roberts had not been subjected to cruel and unusual punishment, *Roberts v. Warden,* 242 Md. 459, 219 A.2d 254 (1966). And, in 1967, a three-judge panel of the Fourth Circuit Court of Appeals, relying on "the substantial facts as interpreted by the Maryland Court of Appeals," stated,

> [I]n Roberts' most recent case, the Maryland court faced the issue on the merits and, interpreting the intent of the Maryland legislature, held that the sentence was not excessive.

We find no federal question involved in Roberts' case. It is clear that Roberts' sentence, held by the Maryland Court of Appeals to be authorized by state law, is not within our power to review. *See Stevens v. Warden,* [382] F.2d [429] (4th Cir. 1967). Moreover, while we may find disconcerting the specific result—that simple assault in Maryland may carry a greater punishment than assault with intent to murder—the Maryland interpretation of its own law is binding upon us. The pronouncement of unconstitutionality of state law by federal courts must be predicated upon a more substantial basis than a mere feeling that the law appears incongruous. Since we discover no greater

---

2. The Maryland Court of Appeals has since commented that it knew of no statutory or common law source for the crime of assault on a police officer, "as distinguished from assault on anyone else." *Roberts v. Warden,* 206 Md. 246, 111 A.2d 597, 598 (1955).

objection in the present case, Roberts' appeal must be dismissed.

*Roberts v. Warden,* No. 11,201 (4th Cir., Oct. 31, 1967), a copy of which is filed herewith.[3]

█ The thrust of Roberts' first contention is that the consecutive 20-year sentences for simple assault are cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments.[4] Roberts was charged in the first count of the assault indictments with assault with intent to murder. The maximum penalty for that crime under then applicable state law was 15 years confinement in the penitentiary. *See Annotated Code of Maryland,* Art. 27, § 14 (1951). Roberts pleaded guilty, however, to the second count of each indictment charging simple common law assault. Although simple assault is a lesser-included offense of the larger charge of assault with intent to murder, *see Marks v. State,* 230 Md. 108, 185 A.2d 909, 911–12 (1962), no state statute fixes a maximum penalty for simple assault. Thus, sentencing for simple assault in Maryland is left exclusively to the discretion of the trial judge. *See Roberts v. Warden,* 242 Md. 459, 219 A.2d 254, 255 (1966); *Gleaton v. State,* 235 Md. 271, 201 A.2d 353, 356–57 (1964). Exercising this discretion, the trial judge sentenced Roberts on each count of simple assault to 20 years in the penitentiary—five years longer than the maximum fixed by the legislature for the greater offense of as-

sault with intent to murder. Roberts makes the argument here, as he has earlier before other courts, that this situation is patently absurd. He raises the specter of the state deliberately attempting to prove only the lesser-included offense so that a sentence may be imposed in excess of the maximum sentence for the more aggravated offense and the defense of necessity attempting to prove that the defendant committed the more aggravated offense so that the maximum sentence will be more limited than that which could be imposed if the defendant is convicted of the less aggravated offense. The point has a certain plausibility. There is no blinking the fact that this situation is arbitrary, anomalous, and irrational or as the Fourth Circuit in *Roberts v. Warden,* No. 11,201 (4th Cir., Oct. 31, 1967), chose to put it "disconcerting." The question, however, is whether it is also unconstitutional in this case.

█ Before addressing the constitutionality, however, there is the threshold question of whether this court has the power to reconsider an issue previously decided in this case by the Fourth Circuit Court of Appeals. The answer to this question is found in *Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). *Accord United States v. Davis,* 417 U.S. 333, 341–42, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974). In *Sanders,* the Supreme Court clearly held that the doctrine of *res judicata* is not applicable to habeas corpus cases. *Sanders v. United States, supra* 373 U.S. at

---

3. With due deference, it seems somewhat circular to say that a review of this sentence for excessiveness under the Eighth and Fourteenth Amendments is barred by the state court conclusion that the sentence is within the limits prescribed by state law. In *Roberts v. Warden,* 206 Md. 246, 111 A.2d 597 (1955), the Court of Appeals of Maryland said that under state law the constitutional prohibition against cruel and unusual punishment is the only limit in Maryland penitentiary sentences for simple assault. As a federal court cannot be bound by a state court's interpretation of the Eighth and Fourteenth Amendments, we

come again to the original issue of federal law—whether 20-year sentences for simple assault violate the constitutional proscription against cruel and unusual punishment when the greater offense of assault with intent to murder has a 15-year maximum imprisonment.

4. Petitioner also makes an argument under the Equal Protection Clause of the Fourteenth Amendment. However, this court does not rely upon that theory, primarily because it is of the opinion that the Equal Protection Clause is, at best, a poor vehicle for challenges to criminal sentences.

7–8, 83 S.Ct. 1068. It further held that, while a court may rely on a prior decision on the merits of a petitioner's claim, if the petitioner demonstrates that the "ends of justice" would be served by a new consideration of the issues, then the court should treat them on their merits. *Id.* at 12, 15–17, 83 S. Ct. 1068. Where, as here, purely legal questions are involved, intervening changes of law may warrant reconsideration of such previously decided questions. *Id.* at 17, 83 S.Ct. 1068; *United States v. Davis, supra* 417 U.S. at 342, 94 S.Ct. 2298.

[3] Judicial development of the concept of "cruel and unusual punishment" has been significant in the last eight years. *See, e. g., Furman v. Georgia,* 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). Moreover, the Fourth Circuit has announced at least two of the leading decisions in this area. *See Hart v. Coiner,* 483 F.2d 136 (4th Cir. 1973), *cert. denied,* 415 U.S. 983, 94 S.Ct. 1577, 39 L.Ed.2d 881 (1974); *Ralph v. Warden,* 438 F.2d 786 (4th Cir. 1970), *cert. denied,* 408 U.S. 942, 92 S.Ct. 2846, 33 L.Ed.2d 766 (1972). Among other things, *Hart v. Coiner, supra,* stands for the proposition that, under some circumstances, a court may examine the length of a sentence even though the term is within the limits prescribed by state law. That alone is a significant change which warrants reconsideration of Roberts' claim. Furthermore, the Fourth Circuit's elucidation of more specific standards to be applied in Eighth Amendment cases warrants reconsideration of the issues. *See id.* at 140–42.

In *Hart v. Coiner, supra,* the Fourth Circuit stated that "it seems settled that punishment must be proportioned to the offense committed . . . ." 483 F.2d at 140. Quoting *Weems v. United States,* 217 U.S. 349, 367, 30 S.Ct. 544, 54 L.Ed. 793 (1910), the Court of Appeals noted further "that it is now a precept of justice that punishment for crime should be graduated and proportioned to offense.' " *Id.* The court conceded that application of the principle of gradation to a particular set of facts is "not without difficulty"—a difficulty enhanced by the fact that "the proportionality concept is not static, but is a 'progressive' one which 'must draw its meaning from the evolving standards of decency that mark the progress of a maturing society,' . . . . *Trop v. Dulles,* 356 U.S. 86, 101, 78 S.Ct. 590, 598, 2 L.Ed.2d 630 (1958)." *Id.* Nevertheless, the Court of Appeals identified certain "objective factors" to be considered in assessing whether the sentence in a particular case is disproportionate.

First, the Fourth Circuit indicated that a court should consider "the nature and gravity of an offense." 483 F.2d at 140. In this case, the defendant in fact committed a serious and violent crime. The incident involved Roberts' firing shots at one policeman and clubbing another policeman in the head with a pistol.[5] Nevertheless, while it was a crime of the most serious sort, the greatest offense charged by the prosecution—assault with intent to murder—was deemed by the Legislature of the State of Maryland to warrant a maximum penalty of 15 years confinement. This court must accept that legislative judgment as to the maximum penalty permissible for assault with intent to murder. *See generally Robinson v. Warden,* 455 F.2d 1172, 1176 (4th Cir. 1972). But in petitioner's case by the simple expedient of accepting a guilty plea to a lesser-included offense, the

5. While it is not possible to say exactly which acts of the petitioner the state would have relied on in support of the charges of assault with intent to murder, this court will assume that the shooting at a police officer constituted the basis for the first count of the assault charge. Shots fired in the direction of a person clearly are sufficient under Maryland law to permit an inference of assault with intent to murder. *See Harding v. State,* 5 Md.App. 230, 246 A.2d 302, 312 (1968).

court was able to circumvent the legislative judgment as to the maximum penalty for the more serious offense and impose a greater sentence for the lesser-included offense. There is then, in the context of this case, a serious question whether "the nature and gravity of the offense" to which the petitioner pleaded guilty could justify the abnormally longer sentences.

The second factor identified in *Hart v. Coiner, supra,* is the legislative purpose behind the penalty. Here, the legislative purpose—if there was any—in not proscribing a maximum penalty for simple assault, while doing so for specific aggravated forms of assault, cannot be divined by this court. In fact, no supporting reason has been suggested by either side. It certainly cannot be argued that the legislature wanted to leave flexibility in the courts to cover some form of assault not covered by the compendium of horrors for which it did provide penalties (*see* table, *infra* at p. 9). More serious crimes are difficult to imagine and, in any event, Roberts' crimes are not among them.

The third factor to be thrown in the balance is a comparison of the maximum penalty for simple assault in Maryland against the maximum in other states. As enunciated by the Maryland courts, there is no specific maximum sentence for simple assault—the only limit is that restraint on judicial power which is imposed by the constitutional prohibitions against cruel and unusual penalties and punishment. *See Roberts v. Warden,* 242 Md. 459, 219 A.2d 254, 255 (1966). Obviously, exploration of this avenue would be circular and fruit-

less. Suffice it to say that Maryland's virtually unlimited sentencing power for simple assault places it at the uppermost extremes in this country.

Fourth, the Fourth Circuit Court of Appeals has authorized comparisons with other maximum sentences in the state for comparable crimes. *Hart v. Coiner, supra* at 142. *See Weems v. United States,* 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793 (1910). This consideration is most informative in this case.

In Maryland, in 1953, the following sentences could be imposed for various crimes (references are to Article 27 of the 1951 *Annotated Code of Maryland*):

| | | |
|---|---|---|
| § 501. | Second degree murder | 5 to 18 years |
| § 454. | Manslaughter | 0 to 10 years and/or $500 |
| § 453. | Maiming [6] | 18 mos. to 10 years |
| § 451. | Mayhem, tarring and feathering | 18 mos. to 10 years |
| § 452. | Malicious injury to tongue, nose, eye, lip, limb, etc. | 2 to 10 years |
| § 441. | Use of machine gun for aggressive purposes | 0 to 10 years |
| § 14. | Assault with intent— to carnally know female under 14 years | 2 to 10 years |
| | to rob | 2 to 10 years |
| | to murder | 2 to 15 years |
| | to rape | death |

When compared to this list of statutory crimes, Roberts' two consecutive 20-year sentences for simple assault are truly extraordinary.

A fifth factor not discussed by the Fourth Circuit in *Hart v. Coiner, supra,* but relied upon in *Ralph v. Warden,* 438 F.2d 786 (4th Cir. 1970), *cert. denied,* 408 U.S. 942, 92 S.Ct. 2846, 33 L.Ed.2d 766 (1972), and by various concurring

---

6. The crime which in Maryland is entitled "maiming" encompasses the following acts: 453. If any person shall unlawfully shoot at any person, or shall in any manner unlawfully and maliciously attempt to discharge any kind of loaded arms at any person, or shall unlawfully and maliciously stab, cut or wound any person, or shall assault or beat any person, with intent to maim, disfigure or disable such person, or with intent to prevent the lawful apprehension or detainer of any party for any offense for which the said party may be legally apprehended or detained, every such offender, and every person counselling, aiding or abetting such offender shall, upon conviction thereof, be punished by confinement in the penitentiary for a period not less than eighteen months nor more than ten years.

opinions in *Furman v. Georgia*, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), is arbitrariness. Extremely infrequent imposition of a sentence may be taken as a significant factor bearing on cruel and unusual punishment. Both the cruelty and the unusualness are emphasized by rare and severe sentences. In this case, counsel for both sides represented that they were unable to locate any reported decision and are unaware of any unreported cases involving a Maryland sentence for simple assault approaching 20 years. Neither has this court's research located such a case.

■ From this analysis, the court concludes that the 20-year sentences for the lesser-included offense of simple assault where the maximum penalty for the more aggravated offense of assault with intent to murder was 15 years is cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments. Furthermore, the court is of the opinion that only that portion of the sentence which exceeds 15 years is unconstitutional. For the reasons stated, the court will sign an appropriate order to be prepared by counsel which reduces the ultimate release date for Roberts by 10 years. *See Willoughby v. Phend*, 301 F.Supp. 644 (N.D.Ind.1969). There is no necessity that Roberts be resentenced.

In view of the disposition reached in this opinion, it is not necessary to reach the second contention that Roberts raises in support of his application for habeas corpus.