John H. BRADLEY

v.

Jon P. GALLY.

Civ. No. W–80–2618.

United States District Court,
D. Maryland.

Jan. 16, 1981.

John H. Bradley, pro se.

Stephen H. Sachs, Atty. Gen., of Maryland, Alexander L. Cummings, Asst. Atty. Gen., Baltimore, Md., for respondent.

## MEMORANDUM OPINION

WATKINS, Senior District Judge.

On October 16, 1967, petitioner John H. Bradley was convicted in the Criminal Court of Baltimore City before Judge Edwin J. Wolf, sitting without a jury, on three indictments. Indictment 3045, the second indictment, contained three counts, charging assault with intent to murder, common law assault, and assault on a police officer in his official capacity. Judge Wolf found petitioner guilty under the second count of this indictment, i. e., common law assault, and on October 24, 1967, sentenced petitioner to twenty years' imprisonment on this count.[1] During the trial petitioner was also charged with and convicted of contempt of court and was sentenced to imprisonment for one year, to be served consecutively to his other sentences.

Petitioner appealed to the Court of Special Appeals of Maryland, which, on April

---

1. The first and third indictments, 3010 and 3047, charged two separate robberies. Judge Wolf sentenced petitioner to ten years' imprisonment on each of these indictments, said sentences to run concurrently with the twenty-year sentence imposed on the second count of Indictment 3045.

21, 1969, affirmed the convictions in an unreported opinion. Petition for writ of certiorari to the Court of Appeals of Maryland was denied on November 4, 1969. *Bradley v. State*, Misc. 73, September Term, 1969. Petitioner then filed a petition for federal habeas corpus relief, which the Court denied. *Bradley v. Warden*, Civil No. 70–551–W (D.Md., filed June 2, 1970).

Petitioner has now filed a second petition for writ of habeas corpus, alleging as follows:

I was indicted for assault with intent to murder, and at the time that indictment carried a maximum sentence of 15 years. I was convicted on a lesser count of said indictment and was given a greater sentence of 20 years.

The sentence was imposed in violation of the Constitution or laws of the United States, the sentence was in excess of the maximum authorized by law.

These claims were not included in his first petition for writ of habeas corpus in this Court. *Id.* He explains his failure to raise these grounds in his earlier petition as follows:

The ground was not previsously [sic] presented because my counsels [sic] [a]nd Judge Wolff told me that my indictment did not carried [sic] a maximum sentence, [a]t the time I didn't know any better but I [h]ave since [l]earned that this is not true.

■ This Court ordered the State to show cause why this writ should not be issued. The State suggests first that petitioner's failure to raise these grounds in his

earlier petition before this Court constitutes abuse of the writ. *Johnson v. Copinger*, 420 F.2d 395 (4 Cir. 1969). This Court takes notice of the complex and subtle legal analysis required in evaluating petitioner's claim, as indeed is shown by defendant's brief on the merits, and declines to find that petitioner's failure to raise this claim in his earlier petition constituted an abuse of the writ.

Petitioner's grievance stems from the fact that his sentence of twenty years' imprisonment for common law assault exceeded the fifteen-year statutory maximum for the greater offense of assault with intent to murder charged in another count of the indictment. Respondent relies on *Gleaton v. State*, 235 Md. 271, 277, 201 A.2d 353 (1963), and *Roberts v. Warden*, 242 Md. 459, 460, 219 A.2d 254 (1966), *cert. denied*, 385 U.S. 876, 87 S.Ct. 156, 17 L.Ed.2d 104 (1966), in opposing the petition.

Respondent represents that these cases stand for the proposition that there is no statutory limitation on the penalty which may be imposed for simple assault, nor was there such a limitation at common law, and that the fact that there were penal limits applicable for the statutory assaults did not imply a legislative policy to confine sentences for common law assault to not more than those prescribed for the statutory assaults. Whatever the effect these cases might previously have had on the determination of the merits of petitioner's claim here,[2] it is clear that these cases no longer represent the law of the State of Maryland on this issue.

2. Each of the above-cited cases involved a defendant who *pleaded guilty* to the lesser included offense of common law assault and later raised a grievance concerning the length of sentence imposed. *Gleaton v. State* did not raise the issue confronted in *Roberts* because the defendant in *Gleaton* did not receive a sentence in excess of that which would have been imposed for one of the statutory assaults. The facts presented in *Roberts v. Warden* were, however, found to be sufficient to require federal habeas relief. *Roberts v. Collins*, 404 F.Supp. 119 (D.Md.1975), *aff'd*, 544 F.2d 168 (4 Cir. 1976).

In this case petitioner did not plead guilty but rather put the State to its proof, was convicted of the lesser-included offense of common law assault and was then sentenced to a term of imprisonment exceeding that permissible for the statutory assaults. The State implicitly concedes in its brief that the holdings of *Roberts v. Warden* and *Gleaton* do not resolve the issues presented on these facts by arguing that the holding of *Roberts v. Collins*, a case based on the same facts as *Roberts v. Warden*, does not control the case at bar. Of course, to the extent that *Roberts v. Warden* stated a holding broader than its facts, this Court would be free to consider such language as *dicta*.

In the recently decided case of *Simms v. State of Maryland*, 288 Md. 712, 421 A.2d 957 (1980) (*en banc*) (Appendix I), following a well-reasoned discussion of the effect of the rule on sentencing as applied in *Roberts v. Warden*, the Court of Appeals stated as follows:

> Accordingly, we hold that when a defendant is charged with a greater offense and a lesser included offense based on the same conduct, with jeopardy attaching to both charges at trial, and when the defendant is convicted only of the lesser included charge, he may not receive a sentence for that conviction which exceeds the maximum sentence which would have been imposed had he been convicted of the greater charge.

At 724, 421 A.2d 964.

As the facts set forth above indicate, petitioner here was sentenced in contravention of the rule announced in *Simms v. State*. Nevertheless, that case is not entirely dispositive of petitioner's claim, because the Court of Appeals in *Simms* did not indicate whether the rule there announced was to be applied retroactively. Petitioner was convicted and sentenced in 1967, thirteen years prior to *Simms*.

While this Court is aware of the Court of Appeals' characterization of the prior state of the law on this issue as enunciated in *Roberts v. Warden*, 242 Md. 459, 460, 219 A.2d 254 (1966), as "an extreme anomaly of the criminal law," *Simms*, 288 Md. at 719, 421 A.2d 961, this Court cannot draw from this statement the conclusion that the Court of Appeals necessarily intended the new rule to be applied to prior convictions. The

Court of Appeals' decision in *Simms* suggests that the court was aware that this resolution of this sentencing issue would be of interest to past defendants when it expressed as its reason for its decision to grant the petition for certiorari the fact that "this sentencing issue apparently occurs with some frequency in criminal cases in Maryland." 288 Md. at 718, 421 A.2d 960.

■ This Court feels compelled to refrain from deciding this issue of state law in the procedural context of this case. Petitioner has not sought review of his claim through the state courts by means of a petition for post conviction review. *See* Md.Ann.Code art. 27, § 645A *et seq.* This course remains available to petitioner.

■ The statutory requirement that a petitioner exhaust his state remedies prior to presenting his claims to a federal court by writ of habeas corpus insures that a state court will have the first opportunity to review federal constitutional challenges to state convictions and it preserves the role of state courts in protecting federally guaranteed rights. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). This policy seems particularly compelling when, as here, the constitutional issues presented are closely related to a question of state law not yet resolved by the state courts.[3] Therefore the Court finds that in the interest of comity it is appropriate to require the petitioner to exhaust his state remedies by filing a petition seeking post conviction relief in the state court prior to seeking federal habeas relief.[4]

---

**3.** The Court notes, as an example of the close relationship between the constitutional and state law issues raised in this case, the fact that any equal protection claim arising from the difference in sentences for prior defendants, as compared to those convicted after *Simms*, depends on a finding that *Simms* is *not* to be applied retroactively. The key to the success of petitioner's claim in the state courts is the retroactivity issue, which by itself does not appear to present any controversy concerning the Constitution or laws of the United States.

**4.** The exhaustion requirement is a matter of comity, and as such may be waived by the State. *Jenkins v. Fitzberger*, 440 F.2d 1188 (4

Cir. 1971). The State did not raise exhaustion as a defense in its answer to this Court's Order to Show Cause. This Court declines, however, to find that the State's silence constitutes a waiver, where the question presented is precisely the type for which the exhaustion requirement was developed. The Court also recognizes that if the State could be deemed to have waived the exhaustion requirement, this Court could properly avail itself of the State's certification procedure, in order to answer this question of state law. Md.R.P. 896, § b(1). Nevertheless, this Court feels that the post conviction procedure will provide petitioner with a speedier resolution of his claim, while minimizing federal intervention in the State's affairs.

Of course, this Court's order is without prejudice to petitioner's right to bring a writ of habeas corpus in federal court if he does not gain the relief he seeks from the state proceedings. The Court expresses no opinion on the merits of petitioner's constitutional claims at this time.