517 A.2d 108

**Kenneth E. MACK**

v.

**STATE of Maryland.**

**No. 291, Sept. Term, 1986.**

Court of Special Appeals of Maryland.

Nov. 10, 1986.

Certiorari Denied March 23, 1987.

Laurie I. Mikva, Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellant.

Richard B. Rosenblatt, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., Kurt L. Schmoke, State's Atty., for Baltimore City, Veronica Clarke and Jack Lesser, Asst. State's Attys., for Baltimore City on the brief), Baltimore, for appellee.

Argued before WILNER, BLOOM and ROSALYN B. BELL, JJ.

BLOOM, Judge.

A jury in the Circuit Court for Baltimore City, presided over by Judge Robert I.H. Hammerman, convicted appellant, Kenneth E. Mack, of (premeditated) murder in the first degree, robbery with a dangerous and deadly weapon, and two counts of use of a handgun in a crime of violence. Appellant was sentenced to life imprisonment for the murder conviction, fifteen years for the robbery with a dangerous and deadly weapon and fifteen years each for the two handgun convictions. All of the sentences, except for one of the handgun violations, were ordered to run consecutively.

Appellant asserts in this appeal:

1. that the trial court failed to comply with Md.Rule 4–325(c) by giving its instructions to the jury in writing as well as orally without appellant's consent;

2. that the instructions submitted to the jury inadequately defined the presumption in favor of an ac-

cused's innocence and the State's burden of proof beyond a reasonable doubt;

3.  that the trial court erred in instructing the jury that the testimony of a single eyewitness, if believed, is sufficient to sustain a criminal conviction; and

4.  that, in sentencing appellant, the trial court acted inconsistently with principles of individualized sentencing and erroneously failed to consider appellant's youth as a mitigating factor.

I

Appellant first argues that it was error for the court to present certain instructions to the jury in writing without his consent. On August 7, 1985, the court and both counsel agreed to the content of the instructions to be given to the jury the following day. The trial judge then stated that in addition to reading all of the approved instructions to the jury he would submit identical written copies of certain of the oral instructions pertaining to the substantive offenses with which appellant was charged. Appellant's attorney objected, claiming that the submission of the selected instructions in writing would have the effect of "telling [the jury] ways to find [appellant] guilty." The trial judge overruled the objections, explaining that the written instructions would be submitted to prevent juror confusion on the nature of the various substantive offenses with which appellant was charged.

Appellant now argues that under Md.Rule 4–325(c) the trial judge was precluded from submitting any written instructions to the jury without appellant's consent. We disagree.

Rule 4–325(c) provides, in pertinent part, that "[t]he court may, and at the request of any party shall, instruct the jury as to the applicable law and the extent to which the instructions are binding. The court may give its instructions orally or, with the consent of the parties, in writing *instead of* orally." (Emphasis added.) We believe

that Rule 4–325(c) contemplates that an accused's consent to the submission of written instructions is required only where the written instructions are to be submitted in lieu of, rather than as a supplement to, oral instructions. The language of the rule expressly indicates that where instructions are to be given "in writing *instead of* orally," the accused must consent to submission in writing. This language contemplates that where *either* oral or written instructions are to be presented, the accused must consent to the submission of instructions in writing. Where, however, both oral and written instructions are to be provided, consent of the accused is not required.

An examination of the evolutionary development of Rule 4–325(c) provides additional support for this conclusion. The draft of Rule 4–325(c) which appeared in the *Maryland Register* on December 9, 1983, was phrased in the following manner: "The court may give its instructions orally, or with the consent of the parties, in writing." 10 Md.Admin.Reg. 25, at S–32 (1983). The draft language might well have been interpreted as mandating an accused's consent whenever instructions were to be submitted in writing.

Comments submitted to the Standing Committee on Rules of Practice and Procedure expressed concern that the rule, as phrased, would appear to preclude the courts from simultaneously submitting oral instructions and written instructions to the jury without the defendant's consent, a practice which was then common in several of the trial courts. The records of the Rules Committee contain letters to that effect from Judge Brodnax Cameron, Jr., and from Judge Howard S. Chasanow to Julia M. Freit, Reporter to the Rules Committee, dated January 3, and January 5, 1984, respectively. Based on such comments, the Comment Review Subcommittee proposed that Rule 4–325(c) be amended "to clarify that consent of the parties is not needed when the court reduces to writing instructions given orally...." *See* letter from Judge John F. McAuliffe, Chairman, Standing Committee on Rules of Practice and Procedure, to members of the Committee, dated January 25, 1984. Let-

ters from Committee Reporter Julia M. Freit, to Judges Brodnax Cameron, Jr., and Howard S. Chasanow, dated February 16, 1984, relating to the full Rules Committee's conference on the proposed Rule 4-325(c) indicate as well the words "instead of orally" were added after "in writing" to negate the requirement of consent of the parties where oral instructions are augmented by written instructions.

Predecessors to Rule 4-325(c) similarly have been interpreted as allowing the court, in its discretion, to submit both oral and written instructions to the jury without the defendant's consent. *See Bradshaw v. Porter,* 227 Md. 262, 264, 176 A.2d 337 (1961), interpreting former Rule 554. Appellant has cited no authority to support his claim of error, and we have found none. We therefore find his first contention of error to be of no merit.

## II

Appellant's second claim of error is that the written jury instructions relating to the substantive offenses with which he was charged did not explain to the jury the presumption that an accused is innocent until proven guilty and failed to give an adequate definition of the State's burden of proof beyond a reasonable doubt. We find no merit to this contention.

It is clear beyond cavil that a party may not assign as error the failure to give an instruction unless the "party objects on the record promptly after the court instructs the jury, stating distinctly the matter to which the party objects and the grounds of the objection...." Rule 4-325(e), Md. Rules, Md.Code Ann. (1986). *See also State v. Hutchinson,* 287 Md. 198, 202, 411 A.2d 1035 (1980); *Cropper v. State,* 233 Md. 384, 391, 197 A.2d 112 (1963); *Bennett v. State,* 230 Md. 562, 568, 188 A.2d 142 (1963); *Chaney v. State,* 42 Md.App. 563, 573-74, 402 A.2d 86 (1979), *cert. denied,* 286 Md. 745 (1979). This rule applies to situations in which an appellant, for the first time on appeal, alleges the inadequacy of an instruction related to the constitutionally mandated

standard of proof beyond a reasonable doubt. *Chaney*, 42 Md.App. at 573–74, 402 A.2d 86; *Wilson v. State*, 44 Md. App. 318, 324, 408 A.2d 1058 (1979), *cert. denied*, 287 Md. 758 (1980).

■ In the case *sub judice*, appellant objected not to the contents of the written instructions, but to the manner of their submission to the jury—that is, to their presentation in written form. He did not object specifically to the adequacy of the written instructions with respect either to the presumption of innocence or to the State's burden of proof. In fact, during a colloquy on the instructions, the court noted that appellant had expressly approved the contents of the instructions. To that, counsel for appellant replied, "That's right, Your Honor."

We are cognizant of the exception within Rule 4–325(e) which allows an appellate court, in its discretion, to take cognizance of "any plain error in the instructions material to the rights of the defendant, despite a failure to object." *Stambaugh v. State*, 30 Md.App. 707, 710, 353 A.2d 638, *cert. denied*, 278 Md. 734 (1976); *Mason v. State*, 18 Md. App. 130, 144, 305 A.2d 492 (1973), *cert. denied*, 269 Md. 763 (1973), *cert. denied*, 416 U.S. 907, 94 S.Ct. 1612, 40 L.Ed.2d 111 (1974); *Vernon v. State*, 12 Md.App. 157, 163, 277 A.2d 635 (1971).

In *Chaney v. State, supra*, we held that plain error is not involved where the accused has waived the right to any objection. 42 Md.App. at 573–74, 402 A.2d 86. (Where Appellant's counsel was given opportunity to except to instructions and counsel replied, "no exceptions for Defendant," issue of adequacy of reasonable doubt instructions was not preserved for appellate review and there was no plain error under predecessor to Rule 4–325(e).) *See also Stanley v. State*, 43 Md.App. 651, 657–59, 406 A.2d 693 (1979), *cert. denied*, 286 Md. 753 (1980), *cert. denied*, 447 U.S. 926, 100 S.Ct. 3021, 65 L.Ed.2d 1119 (1980). (It is not plain error even for the court to fail entirely to instruct the jury as to the standard of proof beyond a reasonable doubt

or the presumption of innocence in the absence of a request on the part of the accused for an instruction.)

■ In any event, when the written instructions to the jury are considered in context with the remainder of the instructions presented orally, as they must be, *Pressley v. State,* 295 Md. 143, 152, 454 A.2d 347 (1983); *Teves v. State,* 33 Md.App. 195, 198, 364 A.2d 593 (1976), *cert. denied,* 279 Md. 685 (1977), it is pellucid that they properly conformed to constitutional norms and to the standards prescribed by Maryland law. The judge's oral instructions on the presumption of innocence and the definition of reasonable doubt span some three pages of transcript. There are some dozen references to the relevant presumption and burden of proof; and the instructions, as required, focus the jury's attention on the "grave importance of their decision based on the evidence and their commitment to be bound by the result. . . ." *Montgomery v. State,* 292 Md. 84, 95, 437 A.2d 654 (1981); *Landsdowne v. State,* 287 Md. 232, 239, 412 A.2d 88 (1980); *Richardson v. State,* 63 Md.App. 324, 336, 492 A.2d 932, *cert. denied,* 304 Md. 300 (1985). The instructions given in the case at hand were far more complete than those approved in *McDonald v. State,* 61 Md.App. 461, 475 n. 2, 487 A.2d 306 (1985), and *Richardson, supra,* 63 Md.App. at 335–36, 492 A.2d 932.

## III

■ Appellant's third contention of error is that the trial judge erred in instructing the jury as follows: "I would also advise you ... that under our law, the testimony of an eyewitness to a crime standing alone, if believed, is sufficient to convict." Appellant's counsel objected to the single eyewitness instruction because there were two eyewitnesses involved in the case and because the instruction would have the effect of telling the jury "if they don't believe one of the witnesses, then they should believe the other one. . . ." Appellant's argument ignores the fact that the judge instructed that the testimony of a single eyewitness,

*if believed,* would be sufficient to convict. There is nothing in the instructions that might suggest to the jury any obligation to believe one witness or the other, or any witness for that matter. The trial judge clearly advised the jury that it was "not bound to believe the testimony of any witness" and gave full and fair instructions respecting witness credibility and the State's burden of proof. Under similar circumstances where multiple eyewitnesses were involved, this court has approved such an instruction. *Powell v. State,* 56 Md.App. 351, 371–72, 467 A.2d 1052 (1983), *cert. denied,* 299 Md. 656 (1984). *See also England and Edwards v. State,* 21 Md.App. 412, 425–26, 320 A.2d 66 (1974), *aff'd,* 274 Md. 264, 334 A.2d 98 (1975).

## IV

Appellant's final contention is that in sentencing appellant the trial judge impermissibly failed to follow recognized principles of individualized sentencing and considered appellant's youth [1] as an aggravating, rather than a mitigating, factor.

■ It is well-settled that, in sentencing, a trial judge is vested with "virtually boundless discretion." *Logan v. State,* 289 Md. 460, 480, 425 A.2d 632 (1980). He may impose any sentence which is not in contravention of the United States Constitution, Article 16 of the Maryland Declaration of Rights, or statutorily imposed limitations (if any) which is deserved or necessitated by the proven criminal conduct in question. *Reid v. State,* 302 Md. 811, 819–20, 490 A.2d 1289 (1985); *Logan, supra,* 289 Md. at 480, 490 A.2d 1289; *Roberts v. Warden,* 242 Md. 459, 460, 219 A.2d 254 (1965), *cert. denied,* 385 U.S. 876, 87 S.Ct. 156, 17 L.Ed.2d 104 (1966); *Gleaton v. State,* 235 Md. 271, 277, 201 A.2d 353 (1964); *Kaylor v. State,* 285 Md. 66, 69, 400 A.2d 419 (1979). To aid a trial judge in fairly exercising the

---

1. Appellant turned 18 years of age three days after the incident in question took place.

discretion which is vested in him, "[t]he procedural policy of the State encourages him to consider information concerning the convicted person's reputation, past offenses, health, habits, mental and moral propensities, social background and any other matters that a judge ought to have before him in determining the sentence that should be imposed." *Bartholomey v. State*, 267 Md. 175, 193, 297 A.2d 696 (1972).

■ Appellant points to certain portions of the trial judge's sentencing remarks in which references were made to specific brutal, senseless crimes committed by juveniles and to statistics reflecting that a disproportionate amount of crime was committed by young people. The judge commented that in view of such incidents and statistics, appellant's age was not a mitigating factor but was, if anything, just the opposite. But an examination of those remarks in the overall context in which they appear demonstrates that the trial judge took many factors into account when sentencing appellant. The record reveals sentencing was, as required, individualized in nature, *Trimble v. State*, 300 Md. 387, 412, 478 A.2d 1143 (1984), *cert. denied*, 469 U.S. 1230, 105 S.Ct. 1231, 84 L.Ed.2d 368 (1985), and was not motivated by ill-will, prejudice or other improper considerations. *Teasley v. State*, 298 Md. 364, 370, 470 A.2d 337 (1984).

The transcript of the sentencing procedure reveals a discussion of the heinous nature and severity of the crimes for which appellant was convicted,[2] the fact that appellant had bragged to others about the crimes committed, appellant's prior juvenile record, and the victim's suffering and that of his family. Appellant's counsel had argued that his client's youth was a mitigating factor; the judge's comments and references to specific instances of brutal crimes by juveniles and statistics reflecting a disproportionate

---

**2.** The judge remarked on the "cold, calculated, brutal murder with absolutely no sense to it because [appellant] got ... $17.00 and [he] thought he was entitled to more."

amount of crime being committed by young people merely were intended to refute that argument. While an individual's youth *may* be considered a mitigating factor, it is not necessarily so. Even in situations in which the State has requested imposition of the death penalty pursuant to article 27, section 412(b), the judge or jury imposing sentence is required to consider youth a mitigating circumstance only where it determines by a preponderance of the evidence that such mitigating circumstance exists. Md.Ann.Code art. 27, § 413(g) (1957 & Supp.1986).

In this context, a defendant's youthful age is not measured solely by his chronological age, but includes such other considerations as his "prior criminal conduct, home environment, degree of maturity, and alcohol and drug abuse, among others...." *Johnson v. State*, 303 Md. 487, 522–23, 495 A.2d 1, *cert. denied,* —— U.S. ——, 106 S.Ct. 868, 88 L.Ed.2d 907 (1986). (Defendant aged 17 years and 10 months at the time he perpetrated murder was not, under the totality of the circumstances, sufficiently youthful to require his age be considered a mitigating factor at sentencing.) *See also Stebbing v. State,* 299 Md. 331, 368, 473 A.2d 903, *cert. denied,* 469 U.S. 900, 105 S.Ct. 276, 83 L.Ed.2d 212 (1984).

There was no request by the State in the case at hand to seek death penalty imposition. In a non-capital case, the trial judge, as the case warrants, may or may not choose to consider an accused's youthful age to be a mitigating factor at sentencing.

Our review of the trial judge's remarks, as a whole, persuade us that they reflected a proper concern for the various objectives sentencing encompasses: punishment, deterrence, and rehabilitation. *Johnson v. State,* 274 Md. 536, 540, 336 A.2d 113 (1975).

JUDGMENTS AFFIRMED.

COSTS TO BE PAID BY APPELLANT.