## PRICE *v.* WARDEN OF MARYLAND PENITENTIARY

[P. C. No. 11, September Term, 1958.]

644

*Decided May 13, 1959.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

HAMMOND, J., delivered the opinion of the Court.

Charles Price, Jr., seeks leave to appeal under the Post Conviction Procedure Act from the denial of his petition by Judge Byrnes after counsel had been appointed and a hearing held.

The petitioner was tried and convicted by Judge Carter, sitting without a jury, of attempted robbery with a deadly weapon and receiving stolen goods. A twenty-year sentence was imposed on the attempted robbery count, and eighteen months on the receiving count, to run concurrently. Price did not appeal but later unsuccessfully sought to come to this Court after he had been denied the writ of *habeas corpus* by Judge Raine of the Circuit Court for Baltimore County. *Price v. Warden,* 215 Md. 627.

Petitioner predicates his leave to appeal upon the following allegations: (1) the magistrate before whom he was arraigned should have disqualified himself because he was the

father of one of the complaining witnesses; (2) the trial court was biased; (3) the testimony given before the magistrate and at the trial as to the precise hour the robbery occurred was inconsistent; (4) the police records which would bear out this inconsistency were destroyed; (5) the identification of him by the State's witness was "encouraged" by police; (6) after petitioner had dismissed his counsel during the trial, the judge conducted the remainder of the trial unfairly; (7) he had an alibi; and (8) the twenty-year sentence was excessive.

None of petitioner's contentions entitle him to relief under the Act, which, as Sec. 645A of Art. 27 of the Code (1958 Supp.) spells out, deals with unlawful or unconstitutional judgments or sentences, those beyond the jurisdiction of the court, those exceeding the maximum authorized by law, and those "otherwise subject to collateral attack upon any ground of alleged error heretofore available under a writ of habeas corpus, writ of coram nobis, or other common law or statutory remedy * * *".

The first claim, that the committing magistrate was biased, now cannot help petitioner. After conviction, allegations of irregularities in the preliminary proceedings or procedures will not be heard under the Act anymore than in *habeas corpus* cases. *Hall v. Warden*, 214 Md. 652; *Wilhelm v. Warden*, 209 Md. 624; *Wagner v. Warden*, 205 Md. 648.

Allegations two and six, averring generically prejudice by the trial court, are not grounds for relief under the Act. Assertions of prejudice are available for consideration on appeal but will not be considered in a *habeas corpus* proceeding, or in one under the Act. *Ford v. Warden*, 214 Md. 649.

Allegations three, four, five and seven present questions as to the sufficiency of the evidence, which, again, may be raised on appeal, but are outside the scope of relief contemplated by the Act. *Langrehr v. Warden*, 214 Md. 645; *Price v. Warden, supra.*

Price's final contention that his sentence of twenty years was excessive is untenable. He was convicted of attempted

robbery with a deadly weapon, and Code (1957), Art. 27, Sec. 488, provides twenty years as the maximum sentence that may be imposed for that offense.

*Application denied.*

[P. C. No. 13, September Term, 1958.]

*Decided May 13, 1959.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.